The action stood continued for advisement; and now the opinion of the Court was delivered by
Parsons, C. J.
The action is trespass vi et armis, for taking and carrying away a calf, and a riding chair and harness ; and it comes before us on a case stated by the parties. The property in the plaintiff, and the taking and carrying away by the defendant, are agreed.
The justification by the defendant is, that, as a deputy sheriff, he, on warrants of distress against the plaintiff, duly issued and delivered to him to execute, took, carried away, and sold, to satisfy those war *328 rants, the chattels mentioned in the declaration. The warrants of distress, and the authority of the defendant originally to take and carry them away, are admitted; but the plaintiff insists that the defendant, by removing the goods seized, out of the town in which the plaintiff lived, and in which they were seized, became a trespasser ab initia, by abusing the authority of the law.
That the goods were removed to, and advertised and sold in an adjoining town, is agreed in the case; but merely from that fact we do not consider that the officer has become a trespasser ab initia. The expense of keeping or of advertising may be not increased by the removal, and the sale may be under more favorable circumstances for the owner. If the officer had wantonly removed the goods to a great distance, thereby increasing the charges of keeping and advertising, or injuring the sale, a special action of the case might be maintained against him ; but he would not be a trespasser ab initia, if the goods were legally seized and carried away.
Another objection to the defendant’s justification is, that it appears from his return upon the warrants of distress, [ * 392 J * on which the chattels were seized, that he sold them after having advertised the time and place of sale twenty-four hours.
As by the law the defendant ought to have made the advertisement four days before the sale, this objection is admitted to be fatal, unless the defendant can be admitted to prove by parole, notwithstanding his return endorsed on the warrants, that he in fact did advertise the time and place of sale four days before the sale.
But it is our opinion, that parole evidence for this purpose is not admissible. The officer’s return must be in writing; and when made upon his precept, and regularly returned, it must be presumed to be true, until the falsity of it be proved. He cannot therefore justify by a parole return, when it is his duty to return his doings in w riting. And it may be further observed that the owner of the goods taken has no regular means of knowing whether the officer has done his duty, other than by inspecting his return; and if the return may be explained, or another return proved by parole, this means may be useless. And it may be added, that if parole evidence was admissible, there would be great danger of fraud and perjury. But the officer, by doing his duty, in returning truly his proceedings endorsed on his precept, is liable to no inconvenience, if he has acted legally ; and if he has not, he ought not to be protected by a false return, whether in writing or by parole.
It is therefore our opinion, that the plaintiff has maintained his action, and that the defendant, pursuant to the terms of the agree ment, be called. Defendant defaulted,