BABCOCK
v.
LAMB.

### ROBERTS & ROBERTS *against* FAILIS.

The irregular conduct of the jury, in a justice's court, is properly assignable as an error, *in fact*, upon certiorari.

---

### BABCOCK *against* LAMB and DOTY.

In trespass *quare clausum fregit,* the defendant may give in evidence under the general issue, title or possession in himself, or those under whom he claims ;

But an authority, or easement, must be pleaded, or notice given thereof.

Accordingly, a right of publick way must be pleaded.

In this the owner of the soil retains all his rights, not incompatible with the publick right of way.

He may maintain trespass for cutting timber, &c.

In laying out a publick highway, on the sworn certificate of 12 freeholders, the commissioners of highways must all be present, but a majority may decide.

CERTIORARI to a Justice's Court. *Babcock* sued *Lamb* and *Doty* in trespass *quare clausum fregerunt.* The defendants pleaded the general issue, which was tried by jury. The plaintiff proved that the defendants broke and entered his fields, threw down his fences, and passed over his crops with

waggons. The defendants offered to prove that the *locus in quo* was a publick highway. This was objected to by the plaintiff, as inadmissible, without being specially pleaded or notice thereof being given ; but the Justice decided that the defendants might shew the plaintiff out of possession, and under this decision the evidence was given. The defendants then proved that the *locus in quo* was recorded in the town clerk's office, as a publick highway. It appeared that one of the commissioners of highways of the town, with a surveyor, laid out the road ; another commissioner, a few days after, examined and approved the road, and those two drew and signed a certificate of the laying it out. The third commissioner was not consulted, and took no part in relation to it. The road was thus laid out on the sworn certificate of 12 freeholders, according to the statute (1 *R. L.* 275, *s.* 16.) Evidence was given that the plaintiff assented to, and assisted in laying out the road. It was not proved that the plaintiff had any notice to remove his fences. Verdict and judgment for defendants.

*E. Wilson, jun.* for the plaintiff in error.

*G. R. Davis,* contra.

*Curia,* per SAVAGE, Ch. J. Two questions are raised for the consideration of the Court.

1. Were the defendants entitled to give in evidence, that the *locus in quo* was an highway, under the plea of the general issue ?

2. If so, were the proceedings of the commissioners regular, they having never, all of them, had a previous meeting, deliberation and decision on the subject?

In trespass on land, the plea of not guilty puts in issue the facts necessary to constitute the trespass ; and under it the defendant may shew title or possession in himself, or those under whom he claims. But when the act appears to be, *prima facie,* a trespass, any matter of justification, by virtue of any authority, or any easement must be pleaded, or notice given of it. (*Co. Litt.* 283. *a.* 1 *Ch. Pl.* 492. 2 *Saund.* 402, *n.* 11 *John.* 132. 7 *Mass. Rep.* 387.)

UTICA,
August, 1823.

The *Justice* was right in deciding that possession of the premises might be shewn to be out of the plaintiff; but he erred in admitting testimony to prove an highway.   An highway is a mere *easement*.   The publick acquire a right of way; but the proprietor retains all his rights, not incompatible with the publick right, and may maintain trespass for cutting timber, &c.   (15 *John.* 452-3, and 491.   1 *Con. Rep.* 103.)

On the second point, there is no doubt the proceedings of the commissioners were irregular.   They must all be present, but a majority may decide.

Judgment reversed.(*a*)

(*a*) Vid. *The People* v. *The Commissioners of Salem, ante*, 23.   Also, *ante*, 79, *n.* (*a*)