Curia., per Savage, Ch. J.
It is well settled, that in trespass, the plea of the general issue questions the fact of the trespass, and also the title, whether freehold or possessory ; and, in general, any matters which, prima fade, show that the right of possession is not in the plaintiff, but in the defendant. Any matter of justification or excuse, however, must be pleaded. That the defendant went to demand a debt due him, amounts to a license in law, and must be pleaded, or notice should be given. (1 Chit. Pl. 495; Cro. Eliz. 876.)[1]
*36 *Here the judge decided that evidence of the debt might be given. It was already in evidence that the defendant said he called for what was due him. The decision, therefore, had the effect of allowing the defendant the benefit of showing a license; when, from the pleadings, .the plaintiff could not be prepared to 'rebut such evidence.
The judgment must be reversed; anda .venire de novo be awarded from the New York common pleas.
Judgment reversed.

 If the defendant has any matter of justification or excuse, he must plead it, and cannot give it in evidence under the general issue, without a *36 special notice in writing. Demick v. Chapman, 11 J. R. 132. 2 N. Y. Dig. p. 1210, s. 351.
If the defendant gives notice with the general issue, that he will offer in evidence a prescriptive right of fishing in the sea adjoining the locus in quo, and of using and occupying the shore for that purpose, he cannot give evidence of any prescriptive right to erect huts on the shore for the purpose of fishing; but such a custom or usage should be pleaded or mentioned in the notice. Cortelyou v. Van Brundt, 2 J. R. 357. Ib. s. 348.
In trespass quare clausum fregit, the plaintiff alleged several trespasses on several closes, at different times, and the defendant pleaded that the several closes were one and the same close, and that it was his freehold, &o.: this plea is bad: the defendant should have justified as to all tho closes, or have denied the trespasses as to all the closes except one, and justified as to that. Nevins v. Keeler, 6 J. R. 63; Sterry v. Schuyler, 23 Wend. 488. See Case v. Boughton, 11 Wend. 106. Ib. s. 350.
In trespass brought in the common pleas for taking cattle, notice was given with the general issue, that the cattle belonged to R., a third person, and that the defendant took them by virtue of two executions issued by H., a justice of the peace, on judgments rendered by him against R.—naming the parties in whose favor the judgments were rendered, the amount of the judgments respectively, and the time of issuing the executions. Held, that the notice was sufficient to authorize the defendant to give the judgments in evidence; and the common pleas having ruled otherwise, theirj udgment was reversed. Fuller v. Rood, 3 Hill, 258. Ib, p. 1267, s. 299.