### ADAM DUNCKEL vs. GEORGE FARLEY.

In an action of trespass *quare clausum fregit* upon *wild unoccupied* and *uninclosed* lands, where the circuit judge certifies that title to land came in question on the trial, although the plaintiff's title was admitted by the defendant, the plaintiff is entitled to full single costs, though the verdict for plaintiff should be for six cents damages and six cents costs.

*Motion by plaintiff for the allowance of full single costs according to the statute.*—This was an action of trespass *quare clausum fregit* upon *wild unoccupied* and *uninclosed lands*, and for cutting down, &c., the wood, trees and timber, then growing and being, &c.   Plea, not guilty. Tried at the last Montgomery circuit in which the plaintiff had a verdict for six cents damages and six cents costs.   The circuit judge gave a certificate that the title to land came in question on the trial of the cause on the part of the plaintiff.   A motion is now made in behalf of the plaintiff for full single costs.

H. ADAMS, *Plff's Counsel.*          H. ADAMS, *Plff's Atty.*

N. HILL, JR., *Defts Counsel.*          J. C. ALLEN, *Defts Atty.*

JEWETT, Justice.—It is enacted, (2 R. S., 613, § 3,) that "In the following cases, if the plaintiff recover judgment by default, upon confession, verdict, demurrer, or otherwise, in any action or proceeding at law, he shall recover the costs allowed for services in the court in which the action shall be brought.   1st. In all the actions relating to real estate enumerated in the fifth chapter of this act, and in all proceedings to recover the possession of land forcibly entered or forcibly detained.   2d. In all actions in which the *title to lands* or tenements, or a right of way or a right by prescription or otherwise, to any easement in any lands or to overflow the same, or to do any other injury thereto, *shall have been put in issue by the pleadings* or *shall have come in question on the trial of the cause.*"   Was the title to lands put in issue by the pleadings?   The plea of not guilty in trespass to real property, not only puts in issue the *fact* of the trespass, &c., but also the *title*, whether freehold or possessory &c.   1 *Chitty's Pl.*, 2 *Am. ed.*, 491; 7 *Term Rep.*, 350; 7 *Cow. Rep.*, 35, Hubbell *vs.* Rochester; 8 *Cow. Rep.*, 115, Babcock *vs.* Lamb and

Doty, 1 *Cow. Rep.*, 238. The defendant's counsel has cited the case of Wickham *vs.* Seely, 18 *Wend.*, 649, as an authority to show that the plaintiff is not entitled to costs, but should pay costs to the defendant; the pleadings in that case did not put in issue the title to lands; the plea was leave and license, on which issue was joined, it *admitted* the title to the lands to be in the plaintiff. I can not see any analogy between that case and the one under consideration; upon the ground then, *that the title to land was put in issue by the pleadings,* I am of the opinion the plaintiff is entitled to costs. But again the plaintiff obtained the certificate of the circuit judge, that the title to land, in fact, came in question on the trial; showing by it that he is entitled to costs under that alternative of the provision of the statute; but it is said it is not true that the title did actually come in question on the trial, inasmuch as, that the defendant's counsel when the plaintiff was proceeding to give evidence of his title, admitted the title to the land in question to be in the plaintiff. This course could not and ought not to affect the question of costs, 8 *Cow. Rep.*, 115; the plaintiff was bound to be ready to prove his title under the pleadings; and it appears from the affidavits read on this motion, that the plaintiff was ready to prove his title, and was only prevented by the defendant's counsel admitting it; and upon the suggestion of the circuit judge, that it should make no difference in the result, as he would certify that the title to land came in question. The motion of the plaintiff must be granted for full single costs to be taxed, with $10 costs of this motion.

Rule accordingly.