at bar the plaintiffs proved the terms of their agreement with Brown &
Co., and also that they had made advances upon the faith of the bills
and invoices offered in evidence at the trial. The answer did not al-
lege a counterclaim. It did allege for a separate defense that:

"Previous to the commencement of this action, and previous to the time
when the James Freeman Brown Company went into bankruptcy, said defend-
ants paid to said James Freeman Brown Company all sums of money owing
to it by the defendants herein, with the knowledge and consent of the plain-
tiffs herein, and that since said date the defendants have not been indebted to
the plaintiffs herein, or to the said James Freeman Brown Company, in any
sum of money whatever."

The plaintiffs having proved the sum of $2,595.54 as the amount
due, the defendants attempted to prove, under their defense of pay-
ment, a return of certain goods to the Brown Company, a claim for
damages for nondelivery under their contract with the Brown Com-
pany, and the sending of a check to the Brown Company for some
$269, claimed by them to be the difference between the goods proved ·
to have been received by them and sued for in this case and the two
claims against the Brown Company which they asserted. This check
had never been presented for payment. This evidence was excluded
by the learned court upon the ground that neither counterclaim nor
offset had been pleaded and that the proof offered was not evidence of
payment. The question was presented in various forms and upon
a number of occasions upon the trial, and no motion was made by the
defendants to withdraw a juror or to amend their answer. It must
be held, therefore, that they elected to stand upon their answer. Un-
der that answer the evidence was properly excluded, and their fail-
ure to allege a counterclaim or to move for leave to amend when the
matter was sharply called to their attention upon the trial entirely
differentiates this case from the Giles Case, supra.

It follows, therefore, that the judgment and order should be affirmed,
with costs to the respondents. All concur, except INGRAHAM, J.,
who dissents.

---

DUCLOS v. KELLEY.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. ACTION—JOINDER—LEGAL AND EQUITABLE CAUSES.
    A cause of action for trespass and an equitable cause of action for in-
    junction to prevent further trespass may be joined.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 464.]

2. SAME.
    Where substantial damage is alleged and judgment demanded therefor,
    such damage is not incidental to an equitable cause of action for an in-
    junction, also alleged.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 464.]

3. JUDGMENT—CONFORMITY TO PLEADINGS—WAIVER OF CAUSE OF ACTION AL-
    LEGED.
    Where plaintiff sued for damages for cutting down his trees and for an
    injunction to prevent further trespass, and the injunction was denied,
    and the judge, in his opinion, asserted that the action for damages was
    waived and not insisted upon during the trial, but such waiver does not
    appear in the judgment roll, a judgment of no cause of action in pursuance

of such an assumed waiver is erroneous, since it justifies the trespass confessedly committed.

4. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In trespass for cutting down trees, defendant, without pleading it, introduced a contract to justify his action. The jury found that the parties did not intend by the contract to include the trees sued for. *Held,* that the introduction of the contract, if error, was harmless.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4171–4177.]

5. INJUNCTION—PREVENTION OF TRESPASS—THREATENED CONTINUANCE OF INJURY.

Where defendant is actually cutting timber from plaintiff's lot under a claim of right so to do, and no such right exists, a threat to continue the cutting is shown sufficiently to authorize relief by injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 105.]

Appeal from Special Term, Essex County.

Action by Frank Duclos against Solomon Kelley for trespass and to enjoin further trespass. From a judgment ·dismissing the complaint, plaintiff appeals. Modified and affirmed.

Appeal by plaintiff from a judgment entered in the clerk's office of Essex county, on the 11th day of January, 1907, dismissing his complaint, and for $86.95 costs. The complaint alleges that the plaintiff is the owner and in sole possession of parts of lots 77 and 78, Peru Bay tract, in Essex county, N. Y.; that the defendant, without permission or right, has entered upon said land and cut timber and wood of the value of upwards of $100, and threatens to continue to cut timber and wood from said lot, until the whole thereof is removed; that said cutting and removal will work irreparable damages to the farm of plaintiff, which cannot be compensated in money. The plaintiff, therefore, demands judgment for an injunction, and for $100 damages and the costs of the action.

The defendant's answer admits the plaintiff's ownership and possession of the premises, and denies each and every other allegation of the complaint.

Upon November 1, 1899, plaintiff received, by deed from one Carrie C. Boardman, certain property described as being parts of lots Nos. 77 and 78, Peru Bay tract, and specifically described in said deed. Upon the 10th day of August, 1903, the defendant made a contract with the plaintiff whereby, for the consideration of $400, he was to cut and take certain pines, spruce, and hemlock upon lots Nos. 77 and 78, "now owned and occupied by party of the first part" (the plaintiff). At the time of the making of this contract plaintiff was in possession, under contract of purchase, of certain other land within lots Nos. 77 and 78, owned by one Mira Boardman; but at the time of the making of the contract the plaintiff had no deed of said premises, and did not receive a deed until the 7th day of December, 1903. The contract of purchase was not introduced in evidence, as it could not be found. It is shown, however, that that contract forbade the cutting of timber upon the lot, except in payment for the lot, and the cutting of timber was not authorized, except upon the payment of the money value of the timber cut. It was conceded that the timber cut, for which the action was brought, was upon the lot which was afterwards deeded to the plaintiff from Mira Boardman. The court left it to the jury to say whether the parties understood that the contract of August 10th authorized the defendant to cut wood upon the Mira Boardman lot. The jury answered that the parties did not so understand.

The court further left it to the jury to determine what damage had been done to the plaintiff by the cutting of this timber upon this lot. It seems that the timber had been cut and skidded, but not removed, and the jury found that no damage had been suffered. Thereupon the court adopted the findings of the jury, and, finding that no threat had been made to cut further timber, dismissed plaintiff's complaint, with costs.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Adelbert W. Boynton, for appellant.
C. J. Vert, for respondent.

SMITH, P. J.  The plaintiff might have lawfully joined in his complaint a cause of action for trespass and an equitable cause of action for injunction to prevent further trespass.  Where the damage is substantial, and judgment therefor is demanded in the complaint, it cannot be said that damage alleged is incidental only to the equity action.  It is asserted by the trial judge, in his opinion, that the cause of action for trespass was waived, and not insisted upon in the proceedings upon the trial.  The difficulty with this position lies in the fact that such a waiver does not appear in the judgment roll, and, if injunctive relief be denied, a judgment of no cause of action, in pursuance of such an assumed waiver, has the effect of justifying the trespass confessedly committed.  Upon this cause of action we think the plaintiff should have judgment for six cents damages.

The admission in evidence upon the part of the defendant of the contract of August 10th, over the plaintiff's objection that it had not been pleaded, was probably error.  In Van Buskirk v. Erving, 7 Cow. 35, the headnote in part reads:

"The matter of justification or excuse must be pleaded in trespass quare clausum vel domum fregit."

See, also, Root v. Chandler, 10 Wend. 111, 25 Am. Dec. 546; Haight v. Badgeley, 15 Barb. 499; Beaty v. Swarthout, 32 Barb. 293.

In 12 Abbott's Cyclopedic Digest, p. 902, it is stated:

"Justification by virtue of authority or easement must be pleaded by defendant."

We are not satisfied, however, that the reception of this evidence, though erroneous, has harmed the plaintiff.  The contract itself contains a latent ambiguity.  Whether it referred to the Mira Boardman lot, which the plaintiff held under a restricted contract, depended upon the understanding between the parties at the time the contract was made.  The jury has found that the parties did not intend, in the making of the contract of August 10th, to include the Mira Boardman lot.  That contract, therefore, is no defense to the plaintiff's action.  Moreover, the contract tends to strengthen the plaintiff's cause of complaint.  The learned trial judge has denied any injunctive relief, upon the ground that no threat has been shown to cut further timber upon this lot.  I can hardly conceive how a stronger threat could have been made than is implied in the actual cutting of timber under a claimed right so to do.  In the absence of a right so to cut said timber, such facts would seem not only to authorize, but to morally require the court to grant its injunctive relief, and in our judgment the learned trial judge should have granted to the plaintiff the injunction asked for.  Upon the facts found, and the undisputed evidence, plaintiff should have upon this appeal the injunction asked for.

The judgment should, therefore, be modified, so as to enjoin defendant from trespassing upon the said Mira Boardman lot, and from cutting timber therefrom, with the costs of the action to the plaintiff.  As thus modified, the judgment should be affirmed, with costs to plaintiff.

Judgment modified, to enjoin defendant from trespassing upon the Mira Boardman lot and from cutting timber therefrom, with the costs of the action to plaintiff, and, as thus modified, affirmed, with costs to plaintiff.    All concur.