### WAGER & SENISKY *vs.* IDE and others.

In an action for the taking and conversion of property, the defendants, in their answer, justified the taking and conversion, under a chattel mortgage thereon, given to them by B. & Co., the former owners, which they alledged was a valid and subsisting lien thereon, and by virtue of which the same was sold, and purchased by the defendants. The plaintiffs, in their reply, denied that the mortgage was ever a lien on the property; and alledged a purchase of the property by them, from B. & Co., while it still remained in their possession, and payment of the purchase money, and taking possession by the plaintiffs. *Held,* that the plaintiffs, as subsequent purchasers, in good faith, while the property still remained in the possession of the mortgagors, were in a position to set up fraud in the mortgage.

*Held also,* that under the code of 1849, such fraud might be proved on the trial, notwithstanding the reply did not alledge that the mortgage was fraudulent.

THIS was an appeal by the defendants, from a judgment rendered against them at the circuit. The complaint alledged that on or about the 19th of June, 1849, without leave and wrongfully, the defendants took and converted to their own use, the canal boat "J. L. Ward," and the furniture thereof, the property of the plaintiffs. The defendants' answer justified the taking and the conversion of the property, under a chattel mortgage, dated the 30th of December, 1846, made by C. L. Brace & Co., under which the same was sold and purchased by the defendants. The plaintiffs' reply alledged a bona fide purchase of the boat and furniture, by the plaintiffs, on or about the 15th day of March, 1847, of C. L. Brace & Co., and a full payment of the consideration therefor, and taking the possession thereof by the plaintiffs. That the defendants' chattel mortgage was not a lien upon the boat and furniture; and in their own wrong and without any legal authority, they took possession thereof and sold the same. On the trial, at the Rensselaer circuit, in May, 1851, before Wright, justice, the plaintiffs proved the purchase of the property in question, by the agreement dated the 14th of April, 1847, executed by C. L. Brace & Co., and by which they were authorized to take possession thereof. That the plaintiffs took possession of the property in question and used it till the 15th of July, 1848. The plaintiffs also produced

proof which had at least a tendency to prove that the consideration of the purchase was paid by the plaintiffs. The consideration consisted of notes. The same number of canceled notes of the same date, payable at the same times, and constituting the same amount, and all in the handwriting of the clerk of C. L. Brace & Co., were produced by the plaintiffs. Also, that the consideration of the conditional repurchase of the boat, &c. by virtue of the articles of agreement, dated the 15th of July, 1848, was not paid by C. L. Brace & Co.; and the notes were produced and proved by the plaintiffs. That after the plaintiffs took possession of the boat, they bought for the boat a large amount of furniture, which never belonged to C. L. Brace & Co., and was therefore not included in the defendants' chattel mortgage. That the value of the boat and furniture was about $900 or $1000. The plaintiffs also proved the taking of the boat, &c. by the defendants, and the sale thereof by their authority. Also, a demand of the boat, and that they forbade the sale by the defendants.

The jury found a verdict in favor of the plaintiffs, for the value of the boat and furniture; for which amount, with costs, a judgment was entered.

*Job Pierson,* for the plaintiffs.

*S. Stevens,* for the defendants.

*By the Court,* PARKER, J. Under the general exception to the charge, the defendants cannot question the correctness of any single proposition contained in it; inasmuch as it contains several propositions, the correctness of which is not controverted. But three several exceptions were taken to refusals to charge, which are properly before us for examination. One of them is stated as follows: The defendants' counsel asked the court to charge that no question of fraud could be raised against the defendants' mortgage, as none was alledged or put in issue by the pleadings; and the plaintiffs were not in a situation to raise

it.  The court refused so to charge, and the defendants' counsel excepted.

This was the only exception taken at the trial in regard to which I had any doubt on the argument; and to decide it, it is necessary to understand the precise state of the pleadings. The action was brought against the defendants for wrongfully taking and converting to their own use, on or about the 19th of June, 1849, a canal boat and the furniture thereof, claimed to belong to the plaintiffs.  The defendants, in their answer, justified the taking and conversion of the property, under a chattel mortgage, dated the 30th of December, 1846, made by C. L. Brace & Co., under which the same was sold, and purchased by the defendants.  They alledged, in the answer, that such mortgage was executed for a valuable consideration, (describing it,) and in due form of law; and that it was duly filed and renewed and refiled, according to law, and remained in full force and unsatisfied, and "a valid and subsisting lien" on the property in question.  The plaintiffs, in reply, denied that the chattel mortgage of the defendants was ever a lien on such property; and proceeded to set up a purchase from C. L. Brace & Co., made on the 15th of July, 1848, under which the property was delivered to the plaintiffs, and held and used by them till it was taken and sold by the defendants

Under the code of 1849, section 153, which was in force when this issue was joined, the plaintiffs were required, when new matter was set up in the answer, either to deny it, or to alledge new matter in avoidance of the answer, or to demur to the answer for insufficiency.  It is now claimed on the part of the defendants, that the plaintiffs could not set up on the trial that the defendants' mortgage was fraudulent, because they had not so alledged in their reply.

Independent of the question of pleading, the plaintiffs were clearly in a position to set up the fraud, it being alledged and proved that the plaintiffs were subsequent purchasers in good faith, while the property still remained in the possession of the mortgagors.  Both parties claimed to derive title from C. L. Brace & Co.  The defendants claimed the oldest lien, which the

Catskill Bank *v.* Gray.

plaintiffs could only defend against by showing it fraudulent as to subsequent purchasers in good faith. I do not think it was necessary that the plaintiffs should alledge, in their reply, that the mortgage of the defendants was fraudulent. I concede that fraud was a question of fact. Though the law would presume the transaction fraudulent, when there was no change of the possession of the property; still it was a question of fact, and the presumption could be overcome by proof of such explanatory circumstances as would satisfy the jury that no fraud was in fact intended. But the issue actually joined seems to cover this question. The defendants alledged that the mortgage was a valid and subsisting lien on the property, and this allegation was denied by the plaintiffs. Though this may be the allegation of a conclusion of law, and might, perhaps, have been demurred to on that ground, yet it is not for the defendants to complain of the character of the issue that they have tendered to the plaintiffs. If the mortgage was fraudulent as to subsequent purchasers in good faith, it was of course void, and not as the defendants had alledged, a valid lien on the property in question.

I think the judge was right in refusing to charge as requested, on this point, and also on the other two points which are necessarily controlled by the decision of this question.

The judgment at the circuit must therefore be affirmed.

[ALBANY GENERAL TERM, December 6, 1852. *Parker, Harris* and *Wright,* Justices.]