By the Court—Bosworth, Ch. J.
The note in question is proved to have been made upon consideration. Even if the. note of §150, maturing June 8, 1856, has been paid, there are §86.72 due on this note. No set-off has been proved, or attempted to be.
The Company actually owed the plaintiffs the amount of the notes transferred on the 15th of January, 1856, for money loaned to it. There is not a particle of evidence that the note, was transferred when the Company was insolvent, or contemplated insolvency, unless the mere fact that it stopped. payment on the 5th of March, 1856, furnishes some evidence to; that effect.
The terms of the indorsement do not alone present- any obstacle to the plaintiffs’ recovery.. A collection of the note, or payment of it to the plaintiffs,, to reimburse them the moneys they have loaned to the Company,, would be a collection or payment for the purposes designed . y the indorsement and transfer of it to the plaintiffs. (Lloyd v. Sigourney. 3 Youngs & Jervis, 220; Nelson et al. v. Wellington, July, 1859, Superior Court.[1])
*324 • The Secretary is the officer of the Company who, frequently, if not usually, indorsed its notes on a negotiation of them by the Company.
The only important question is, whether the fact that there was no resolution authorizing the transfer can be set up as a defense to this ’action ?
It is objected, first; that such a defense is not admissible under 'the pleadings. The answer not only denies that the Atlas Insurance Company indorsed the note to the plaintiffs, but avers that it was transferred to them by some officer or officers of the Company when it was insolvent, with intent to give to the plaintiffs a preference over other creditors of the Company contrary to the statute.
These allegations are to the effect, in substance, that the transfer was an unauthorized act of some officer or officers of the Company, and sufficiently import that it was not authorized in any ihanner by the Board of Trustees, and consequently not by any resolution passed by it. The allegation in the complaint, that" the Company indorsed the note to the plaintiffs, being denied by the answer, it is essential to prove, in order to establish this allegation, that the making of the indorsement was authorized by law and the charter and by-laws of the Company. The word indorsed, as here used, imports a delivery of the note, as well as an authorized writing of the payee’s name on the back of it. (Griswold v. Laverty, 3 Duer, 690.) It follows that if 1 Revised Statutes, 591, § 8, applies to such a transaction, then it is essential to the plaintiffs’ title that it should appear, either directly or presumptively, that the transfer was authorized by a previous fesolution. We think that there is no obstacle presented by the pleadings to the interposition of this defense.
Is the absence of a previous resolution of the Board of Trustees authorizing the transfer, a bar to this action?
■ Howland v. Meyer, (3 Comst., 290-293,) presented the case of a note within the 12th section of the act of incorporation, and the President of the Company was authorized 'by its by-laws “to "transact all its ordinary business, and to perform whatever belongs to the executive department."”
The note in suit is not one within the provisions of the 12th .■section, and the Secretary who .transferred it is not shown to have *325 been authorized by the by-laws of the Atlas Mutual Insurance Company to transact its ordinary business. . i
There was not, therefore, in the present case, even such a previous resolution of the Board authorizing the transfer as would be implied by a preexisting by-law authorizing the Secretary of the Company to transact its ordinary business.
The article of the Revised Statutes to prevent the insolvency of moneyed corporations, (1 R. S., 589,) is, by the statute itself, made applicable to corporations “ authorized by law to make insurances.” (Id., 598, §54,) [sec. 51.] Even conceding that, where any charter granted subsequent to the passage of these statutes contains a section or sections in conflict with these provisions of the statutes, the general statute must yield to such sections in a subsequent act; yet, as the note in question is not one provided for by the 12th section of the Company’s charter, that section does not exempt this transfer from the operation of section 8 of 1 Revised Statutes, 591. (Laws of 1843, 67-69, § 8, and Laws of 1842, 261, 263, § 12.)
Notwithstanding the opinion of G-ardiiter, J., in Howland v. Meyer, that notes given under the 12th section might be transferred by the Company to a creditor as security for his claim, he giving time until such notes matured, and notwithstanding he reaffirmed that proposition in his dissenting opinion in Brouwer v. Harbeck, (5 Seld., 596,) yet it is evident that the former case presented no such question; and the latter case holds, in effect, that the article of the Revised Statutes, before cited, applies to the assets of such an Insurance Company as the Atlas Mutual Insurance Company, excepting notes made under the 12th section of their charter.
The present plaintiffs are not purchasers for a valuable consideration without notice. The transfer was made to secure a precedent debt, and Mr. Boynton, one of the plaintiffs, was a Trustee of the Company when the transfer was made, and had been from the organization of the Company. He signed the receipt given on the transfer of the notes to the plaintiffs. They are not protected by the exception made by the last clause of section 8, 1 Revised Statutes, 591. (Gillet, Receiver, v. Phillips, 3 Kern., 114-117.) They knew the transfer was not authorized by a previous resolution, and that the note was not given under *326 the 12th section, and they took it as security for a precedent debt. ,
We think the transfer was prohibited by law and was illegal, and that the plaintiffs acquired no title to .the note, and that payment of it to them, with knowledge of all the facts, would not protect the defendant against a subsequent action by the receiver brought to recover the amount of the note. The judgment should be affirmed.
■ Judgment affirmed.

 Ante, page 178.