Schlussel *v.* Willett.

SCHLUSSEL *vs.* WILLETT, Sheriff &c., and others.

Where a sheriff seizes, by virtue of an attachment, property claimed by a third person under an assignment from the defendant in the attachment, and judgment is subsequently recovered in the attachment suit, by the plaintiffs therein, the sheriff and such plaintiffs, when sued for the property so seized, may show in their defense that the alleged assignment was fraudulent and void.

And where, on the trial of such an action, it was admitted by the plaintiff that judgment had been previously recovered against the defendant in the attachment suit, it was *held* that this was a proper case, after the evidence was in without objection, for disregarding the omission to *plead* the recovery of the judgment; it not being a variance by which the plaintiff was misled.

A provision, in an assignment made for the benefit of creditors, authorizing the assignee to " manage and improve" the assigned estate, renders the assignment on its face fraudulent and void.

APPEAL from a judgment entered upon the verdict of a jury. The action was brought by the plaintiff as assignee of Michael Mayer, in an assignment made by the latter for the benefit of creditors. It was brought against Willett as sheriff of the city and county of New York, to recover the possession of certain goods claimed by the plain-

tiff to belong to him as assignee. Abraham S. Herman and Moses S. Herman were also made defendants. The defendants, in their answer, justified the taking of the property by Willett, by virtue of an attachment in favor of the Hermans against Mayer. The answer did not allege the recovery of any judgment, in the attachment suit. At the trial it was proved by the defendants that judgment was entered in the action in favor of the Hermans, against Mayer, for the sum of $1194.88, April 3, 1858, which was subsequent to the commencement of this action but before trial; and that the plaintiff replevied the goods attached, by and through one of the coroners of the city and county of New York. The plaintiff also put in evidence the assignment of Michael Mayer to him, dated November 9, 1857. It contained a clause by which it was declared to be "*upon trust* to *manage and improve,* sell, assign, dispose of, collect, receive and convert into money all the said assigned and transferred property," and to pay and apply the moneys thence arising, after paying the expenses of the assignee, in the manner therein specified.

It being suggested to the court that the plaintiff based his title to the property in the complaint mentioned, upon the said assignment, and that the defendants claimed that said assignment was fraudulent and void as against the creditors of the assignor, and that the defendants *Abraham Herman* and *Moses S. Herman* were such creditors at the time of said assignment, and that the attachment under which the sheriff acted was regularly issued, as set forth in the answer, the plaintiff, to enable the defendants to make a motion to dismiss the complaint, rested his case. The defendants then moved for a dismissal of the complaint, on the ground that the assignment was fraudulent and void, for the following reasons: 1. The assignment empowers the assignee to transfer the trust, and appoint new trustees. 2. The assignment confers the trust on the executors, administrators and assigns of the assignee. 3. The assignment virtually gave the assignee power to sell on credit. 4. The assignment author-

izes the assignee to manage and improve the assigned property according to his discretion, and is equivalent to giving the assignee power to carry on the business of the assignor, and to delay selling the property indefinitely. 5. The assignment gives the assignee power to compound and compromise the debts of the assignor. 6. The assignment fails to provide for all the debts of the assignor, and the debt due to the defendants Abraham S. Herman and Moses S. Herman, on which the attachment was issued, is wholly unprovided for in said assignment. 7. The assignor, by not providing for the payment of all his debts in the assignment, has reserved to himself whatever surplus there may be, without providing for the said debt due to said Hermans. 8. The said assignment is fraudulent and void on its face.

The court granted the motion to dismiss the complaint, to which the plaintiff excepted. The property mentioned in the complaint having been delivered to the plaintiff, the court directed that the defendants have judgment for the return thereof, or for the value thereof—the value not to be assessed beyond the extent of the defendants' special interest therein, under the attachment, with damages for its detention. Testimony was then given as to the value of the property.

The justice then charged the jury, and directed them to bring in a sealed verdict. The jury rendered a verdict for the defendants, and assessed the value of the property at $1194, and assessed the damages which the defendants had sustained by reason of the taking, detention and withholding of said property, at $115.56. Judgment was perfected and docketed April 9th, 1859, for the sum of $1542.94, and the plaintiff appealed therefrom.

*A. R. Lawrence, jun.,* for the appellant.

*Brown, Hall & Vanderpoel,* and *S. L. Hull,* for the respondents.

*By the Court,* LEONARD, J. The proceeding by attachment under the code is *in rem,* and is collateral and auxiliary to the action. The warrant authorizes the seizure of the property of the defendants therein, and creates an inchoate lien thereon. Such lien would be useless, as a remedy, if it cannot be defended against false or fraudulent claims made by third parties. It is said that the attaching creditor, having no judgment, does not stand in a position to resist the claims of a fraudulent purchaser from the defendant in the attachment. If so, the remedy is useless as a means of securing the debtor's property to answer the judgment which may be recovered in such action, (§ 232,) where the debtor has transferred it to a fraudulent vendee. Section 232 also directs the sheriff to proceed in the manner required of him by law in case of attachments against absent debtors. Under the provisions of the revised statutes there referred to, in case the property of the debtor seized shall be claimed by any other person, the sheriff shall call a jury and try the validity of the claim, and if found in favor of the claimant, the sheriff shall deliver the property to him, unless the attaching creditor shall indemnify the sheriff. In case the indemnity is given, then the sheriff must detain the goods. It seems very inconsistent and unreasonable that the sheriff should be required to hold the property so attached, after a trial before a sheriff's jury and a verdict in favor of the claimant, if, when a like question is raised at the circuit or elsewhere in a court of record, the sheriff shall not be permitted to assail the bona fides of the title of the claimant. Is he permitted or required to attack the claimant's title in certain tribunals for some purposes only, but not in other tribunals where the whole merits can be finally adjudged?

There are many other strong grounds for maintaining the right of the sheriff, or the attaching creditor, to contest the title to property of those claiming by transfer from the debtor in the attachment proceedings. The right of trustees, appointed under the revised statutes, in attachment proceed-

ings against absconding, concealed or non-resident debtors, to invoke the aid of a court of equity against all parties claiming through an alleged fraudulent title derived from the debtor, has often been maintained, although the attaching creditor could prove a demand existing only by simple contract.

That proceeding is taken for the benefit of all creditors who come in and prove their demands against the debtor in the attachment, and in that respect is unlike the proceeding authorized by the code; but I am unable to perceive that this circumstance makes any difference in the application of the principle.

Had there been no prior decision of the supreme court on this question, I should not hesitate to uphold the decision of the learned judge who presided in this case at the circuit. The case of *Hall* v. *Stryker*, (9 *Abb.* 342,) decided by a very eminent justice of this court, is adverse to these views, and in a case in all respects similar I should defer to that decision, to avoid a conflict of judicial authority.

At the trial of this action it was admitted by the plaintiff that judgment had been recovered a year previously, by the attaching creditors, against the debtor, in the same action wherein the warrant of attachment, which was relied on as a link in the defense of this action, was granted. No objection was made by the plaintiff to the introduction of this evidence. It was not a variance by which the plaintiff was misled. It was a proper case, after the evidence was in without objection, for disregarding the omission to plead the recovery of the judgment, under the authority of section 170 of the code. The court evidently so considered it. If I do not mistake, the justice presiding at this trial was a member of the general term which pronounced the judgment in *Hall* v. *Stryker*. The defendants might have set up this judgment before the trial, by a supplemental pleading, by leave of the court. But it is quite apparent that the plaintiff was aware of its

---

The People *v.* McManus.

---

existence, and was not surprised by the evidence, candidly admitting it without objection.

This fact being fairly before the court, the ground of the objection raised on the authority of *Hall* v. *Stryker* is obviated.

The trust assignment for the benefit of creditors, under which the plaintiff claimed title to the property in question, derived from the debtor in the attachment, authorized the assignee to "manage and improve" the assigned estate.

This provision renders the assignment, on its face, fraudulent and void.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard*, Justices.]