## DANIEL F. PEASE

*v.*

## CHARLES ANDERSON.

OFFICER — *how far process a protection.* When an officer, by virtue of an attachment, seizes property claimed by a third person under a sale from the defendant in the attachment suit, and judgment is recovered in the attachment suit, such officer, when sued for the property so seized, may show, that the sale of the property levied on was in fraud of creditors, and that, as to that property, he represented creditors.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of trespass, originally commenced before a justice of the peace, by the appellee, against the appellant, and one Daniel Corey, for levying upon certain property, under an attachment, in favor of one Brundage, against Charles Bowman, as the property of said Bowman, which said property appellee claimed as having been purchased by him from Bowman, prior to the commencement of the attachment suit. On the trial before the justice, the appellee obtained a judgment, and an appeal was taken to the Circuit Court of De Kalb county, when a trial was had before the court and a jury, and a verdict rendered in favor of the appellee, for eighty-five dollars, upon which judgment was entered, to reverse which the case is brought to this court by appeal.

Mr. R. L. DEVINE, and Mr. L. LOWELL, for the appellant.

Mr. C. J. METZNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There is but one point presented by this record deemed of sufficient importance to be noticed at length, and that is the fourth instruction given for the plaintiff.

That instruction is as follows: " The defendant can only attack the sale in question as fraudulent, by showing that he represented creditors, and that the affidavits and attachments in this case, of themselves, do not prove such creditors. Neither does the justice's docket prove the same, judgments in attachment, where there is no personal service, being no evidence of debt."

We are of the opinion that the judgment in the attachment suit, and the execution thereon, authorized the constable to show that the sale of the property levied on was in fraud of creditors ; as to that property, he represented creditors. *Cook* v. *Miller*, 11 Ill. 611 ; *Schlussel* v. *Willet*, 34 Barb. 615.

The instruction was erroneous, and for this error the judgment must be reversed, and the cause remanded.

*Judgment reversed.*