SPRINGER *vs.* DWYER and MOSSMAN.

An agreement between partners, for a dissolution of the firm, and for a transfer from one partner to the other of the assets of the firm, is a good consideration for a promissory note, given by the latter for the purchase money.

The fact that the purchaser of the assets was induced to enter into the agreement by the false and fraudulent representations of the other partner, respecting the partnership assets, is no defense to an action upon the note by a *bona fide* holder, so long as the agreement stands, and the defendant retains the property transferred, without offering to reassign the same, or demanding a return of the note.

Under such circumstances, however, the maker of the note may maintain an action against the payee, for the fraud; or, in an action upon the note, may set up the fraud as a counter-claim. *Per* INGRAHAM, P. J.

Where the indorsee of a note produces it on the trial, it is to be presumed that he is the holder in good faith, and that he received it before maturity. If the defendant alleges the contrary, the burden of the proof is upon him. A mere denial of ownership, by the plaintiff, a few days after the note matures, will not conclude him, or rebut the presumption of ownership before maturity. *Per* BARNARD, J.

APPEAL by the defendants from a judgment entered on a verdict.

The action was on a promissory note made by the defendant Dwyer, and indorsed by the defendant Mossman. The note was made and delivered to one Dreyfous, and by him transferred to the plaintiff. The defendants showed that Dreyfous, and Dwyer, the maker of the note, had been partners; that they dissolved on the date of the note, by an agreement in writing, Dreyfous assigning the partnership assets to Dwyer for $500. The note was given for this purchase money, Mossman indorsing it at Dwyer's request, and for his accommodation. The defendants then offered to show that Dreyfous had made false representations as to the partnership assets, representing that the accounts due the firm were as they appeared on the books, and that no debts had been created, except those appearing on the books; whereas he had drawn $707 from the bank, which was not entered on the books; had collected over $500 of the debts owing to the firm

according to the books, which collections were not entered on the books; had contracted debts against the firm of over $500, which were not entered on the books, and were not known to the defendant Dwyer. The plaintiff's counsel objected to the evidence, and the court excluded it; to which decision the defendants' counsel excepted. The court thereupon directed a verdict for the plaintiff, for the amount of the note. Judgment was entered, on the verdict, and the defendants appealed.

*E. Cooke*, for the appellants.

I. The learned judge erred in ruling out the evidence of fraud offered by the defendants. Neither the counsel or the court thought it worth their while to inform us of the grounds of objection to the evidence. The decison, therefore, must be sustained, if at all, on some ground that could not have been obviated on the trial. It will not do now to say that the defense was not properly pleaded; or that the offer did not go far enough; or that the proper foundation had not been laid for it. (*Mabbett* v. *White*, 12 *N. Y.* 442, 451. *The Cayuga County Bank* v. *Warden*, 6 *id.* 30.)

II. The presumption which the law indulges for the protection of the holder of commercial paper—that he purchased it *bona fide* before it became due, in the ordinary course of trade, without notice, and for value—was rebutted by proving that six days after the note matured the plaintiff said he did not own the note. If he now owns the note, it is because he has bought it since it became due, and subject to all equities and all defenses which could be set up against it in the hands of the payee.

III. That the defense offered would have been available against the note in the hands of Dreyfous, the payee, is distinctly held in a strictly parallel case in this court. (*Barber* v. *Kerr*, 3 *Barb*, 149.) In the case cited, the defense was held to be available under the general issue.

Springer *v.* Dwyer.

The judgment should therefore be reversed, and a new trial ordered.

*S. P. Nash,* for the respondent.

I. The alleged representations which the defendants sought to prove would not have constituted a defense to the note. They would only have made a case for a claim of damages against Dreyfous. To avoid the note given in consideration of the assignment of the partnersnip assets, Dwyer should have offered to rescind the arrangement of dissolution, and replace Dreyfous in his rights as partner. But he retained the property assigned, offering to prove that it was not as valuable as represented. Doing this, he could only defeat the note by showing that he got nothing whatever by the assignment. There must be a want of consideration originally, or a subsequent total failure of consideration, to defeat a contract. The assets of the partnership assigned may have been worth ten times the amount of the note; Dwyer could not retain these and still refuse to pay the note. His remedy, for the false representations, if he retained the partnership transfer, was an action for damages against Dreyfous. (*Nickerson* v. *Howard,* 19 *John.* 113. *Bellows* v. *Folsom,* 2 *Rob.* 138. *Curtiss* v. *Howell,* 39 *N. Y.* 211. *Devendorf, receiver,* v. *Beardsley,* 23 *Barb.* 656.)

II. The offer to show by oral evidence a verbal agreement made at the date of the agreement of disolution and of the note, to add to or vary the written instruments, was properly excluded. (*Thompson* v. *Hall,* 45 *Barb.* 214.)

III. The testimony of the plaintiff's saying that he did not own the note "five or six days after it was due," was not sufficient to defeat a recovery on the ground of his want of title. He produced the note on the trial, and proved its indorsement to him by the payee. Until the defendants showed that some one else had title to it, this was sufficient to authorize a verdict.

GEO. G. BARNARD, J. This was an action brought by the plaintiff, against the defendants, to recover the amount of a promissory note made by the defendant Dwyer, indorsed by the defendant Mossman, and delivered to one Dreyfous. The case was tried at the circuit, and a verdict rendered for the plaintiff, upon which judgment was perfected. The facts seem to be these: The defendant Dwyer, and Dreyfous, the payee of the note, were partners in business, and on the day the note bears date dissolved that relation, by an agreement in writing, by which, in consideration of the sum of $500, Dreyfous sold and transferred all his right, title, interest and property in and to the assets, fixtures and effects of the late copartnership, to Dwyer, the latter assuming and agreeing to pay all debts, &c., owing or payable by the said copartnership on the 8th day of September, 1866. In this agreement Dreyfous covenants that he has not created any debt, contract or liability, by which the late copartnership, or Dwyer, could or might be held liable. The note in question was given for the purchase money mentioned in the agreement, the defendant Mossman indorsing it at Dwyer's request. The making and indorsement of the note is admitted; but it is alleged that it was delivered upon the representations of Dreyfous that he had not created any debt or liability for which Dwyer could be made liable, and which representation was knowingly false. And it is further alleged, that the plaintiff purchased the note, if at all, after its maturity.

On the trial of the cause the plaintiff produced the note in suit, and after showing for what it was given, and the indorsement, rested. The defendant sought to prove that Dreyfous made false and fraudulent representations as to the partnership assets, at the time of the making and delivery of the note; and this evidence the court below ruled out. We see no error in this ruling, and feel entirely clear that the court decided rightly in refusing to allow oral evidence or a verbal understanding between the

Springer *v.* Dwyer.

parties to the contract, at the time it was entered into, and at the time of the making and delivery of the note, to add to or vary the written instrument. (*Thompson* v. *Hall*, 45 *Barb.* 214.)

We are also of the opinion that the court ruled correctly in refusing to allow the defendants to prove that Dwyer took, by the assignment from Dreyfous, less in value than was anticipated or expected. The representations of Dreyfous, in this respect, may have furnished a good cause of action against him at the suit of Dwyer; or the agreement of dissolution might have been rescinded, and Dreyfous restored to his original position as a member of the firm. The agreement therefore stands, and Dwyer still retains all the corpartnership assets, and now, while retaining the property transferred, seeks to avoid the payment of his note, on the ground that the consideration passing to him was not as saleable as represented. This he cannot do. (*Curtis* v. *Havill*, 39 *N. Y.* 24.)

The only other point presented by the appellant is as to whether or not the plaintiff is the *bona fide* holder of the note before maturity. On this point we have only to say, that he produced the note on the trial, and it is to be presumed that he was the holder of it in good faith, and that he received it before maturity. The defendant ought to prove that he became the holder after maturity. No proof to sustain this allegation was offered, on the trial, except that the defendant Dwyer testified that the plaintiff denied ownership of the note a few days after its maturity. He was not morally or legally bound to answer this question, and we do not think that his answer, thus made, concludes him, or rebuts the presumption already adverted to. No effort was made to show that Dreyfous or any person, other than the plaintiff, was the owner, or in any way interested in it.

The judgment should be affirmed.

Springer *v.* Dwyer.

INGRAHAM, P. J.   This action is brought to recover the amount of a promissory note given by the defendants on the settlement of a partnership and a transfer of all the assets to the maker of the note.   The defense is, that the party receiving the note and executing the transfer of the assets of the firm falsely represented the condition of the books of the firm and the accounts due the firm. Upon the trial, this evidence was excluded, and the defendants excepted.   That the false representations were good ground for an action for the deceit, there can be no doubt; but I do not see how they are admissible in this action.   Dwyer received from Dreyfous an agreement dissolving the partnership and transferring to him all the assets of the firm.   There can be no hesitation in holding that this formed a good consideration.   Whether the defendants were induced to enter into this agreement by fraud or not, could not form a defense to the note, unless the defendant Dwyer had previously offered a reassignment of the interest of Dreyfous in the firm, and demanded a return of the note.   So long as he held that assignment he held a good consideration for the note, and was bound to pay it.   Dwyer might maintain an action for the fraud, but Mossman could not; and so long as the agreement remained in force, the parties remained liable on the note. Dwyer might have set up the fraud as a counter-claim on his part, but he did not.

The evidence was properly excluded.   The judgment should be affirmed.

CARDOZO, J., concurred.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 1, 1870. *Ingraham,* P. J., and *Geo. G. Barnard* and *Cardozo,* Justices.]