## WEAVER, Appellant, v. BARDEN, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, NOVEMBER, 1870.)

The stock of an incorporated company has none of the qualities of negotiable paper, and the title thereto can only be divested by the owner's consent, or by operation of law.

Where the defendant, in good faith and for sufficient consideration, obtained the transfer of stock to himself, from one W., to whom it had been transferred by a third person, upon consideration passing from the plaintiff and for the plaintiff's benefit, and it had also been transferred, without the plaintiff's knowledge, upon the company books to W., who had no authority from the plaintiff to dispose of it.—*Held*, that the plaintiff had not clothed the defendant's transferee with the *indicia* of title, nor consented to his being so clothed; and that the defendant obtained no title by the transfer to him.

And that equity would compel a surrender and delivery of the stock to the plaintiff.

APPEAL to the Supreme Court.  The facts appear in the opinion.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J.  The facts proved on the trial seem to be, in substance, as follows:

Jerome Finch was, in 1855, engaged in the lumber business, and was indebted to the plaintiff and others in large sums of money.  The amount due the plaintiff was $15,000.  In the fall of 1855 or in 1856, Finch assigned his property to L. J. Weaver, son of the plaintiff, and one B. Hutchins, in trust for the benefit of creditors.  After this assignment was made, and some time in 1857, Finch effected an arrangement with his creditors, whereby, in consideration of the transfer to them separately of portions of the assigned property, they released him from all further liability, and the assignment was abandoned.

Part of the assigned property was thirteen shares in the stock of the Knickerbocker Stage Company; and it was agreed between plaintiff and Finch that he, plaintiff, should accept these shares in satisfaction of the balance of his debt remaining unpaid.  In pursuance of this arrangement, Finch transferred to L. J. Weaver, plaintiff's son, said thirteen shares for the benefit of the plaintiff; and the same were duly transferred to said L. J. Weaver on the books of the stage company.  After this transfer the plaintiff received one dividend; but whether any more, is not distinctly proved.

In 1861, L. J. Weaver, being indebted to the defendant, his father-in-law, in more than $2,000, transferred to him this stock at the rate of forty cents on the dollar, in part payment of the said indebtedness; and at the same time defendant sold and delivered to him butter to the amount of seventy dollars.  The defendant had no knowledge that the plaintiff had any interest in, or claim to the said stock.  He was a purchaser of it in good faith.  After the transfer of this stock, and in 1861, L. J. Weaver died; and it was not until

1864 that plaintiff knew that said stock had been transferred to the defendant. On finding out that such transfer had been made, plaintiff demanded it of defendant, who refused to surrender it, and then brought this action. Upon the foregoing facts the court held, that plaintiff had neither a legal or equitable title to the stock, and dismissed the plaintiff's complaint, with costs.

The evidence of Finch shows that the title of the assignees to the stock was terminated by a compromise with, and release from all his creditors. It was competent for him to sell it to the plaintiff, and that he did sell it to him, and that the transfer to the son was for his (plaintiff's) benefit, is conclusively established by the evidence and found by the court. As between the plaintiff and his son, the stock was the plaintiff's property, and any disposition of it by the son, unauthorized by the plaintiff, was a conversion. I understand the plaintiff to testify that he did not know the stock had been transferred, on the books of the company, to his son. He is not in the attitude of clothing, or assenting to clothe the son with the indicia of title, so as to mislead third persons dealing with him in relation thereto. (20 W., 267; 13 N. Y., 121.)

The only question, then, is, can the defendant hold the stock by virtue of a purchase from the agent, who had no title in himself, nor any authority from the plaintiff to sell it? It seems to me not. The stock has none of the qualities of negotiable paper; and hence it must be treated as other personal property, the title to which can only be divested by the owner's consent, or by operation of law. The plaintiff's son had no title as against the father, and could convey none. The defendant never acquired any title to the stock. The judgment is therefore erroneous, and must be reversed.

The action is to be treated as an equitable one, to compel the surrender and delivering up of the shares of stock transferred to, and held by the plaintiff. A court of equity has jurisdiction to compel such a surrender. (Story's Equity Jur., § 703.) Replevin and trover would have lain; but

damages might not fully compensate the plaintiff, and hence relief is afforded in equity. It is our duty to grant the relief which should have been granted in the court below. A judgment must therefore be entered, directing the delivery up of the shares of stock, and for costs of the action in the court below and of the appeal.

Ordered accordingly.