# CARY v. WESTERN UNION TEL. CO.

## *N. Y. Supreme Court, First Department, General Term; January,* 1888.

1. *Pleading; general denial.*] Under a general denial in an action on contract defendants may object that plaintiff's evidence shows that no valid contract was made.* Thus, where in an action by attorneys for services in promoting legislation in the interest of the defendant, if the plaintiff's evidence shows that the services consisted in part of personal solicitation of executive officers and members of the Legislature, he cannot recover.

*Lobby services.*] It would be otherwise of services in public argument before a legislative committee or the Legislature itself. Services in argument before executive officers cannot be separately recovered for if the service was one entire transaction.

Appeal from a judgment entered on the report of the referee.

---

* See note at the end of this case.

Clarence Cary and Charles W. Wells, sued the Western Union Telegraph Company for $5,000 upon an account for services upon its retainer between days named " in advising and consulting with said defendant concerning certain proposed tax legislation of the Legislature of the State of New York, in advising and consulting with the attorney-general and the comptroller of the State of New York, on behalf of said defendant in respect to such legislation, and making formal arguments before said attorney-general and comptroller on behalf of said defendant, resulting in the adoption of such proposed legislation as a department measure, by the comptroller's office ; for services in negotiating and accomplishing the settlement of certain tax litigation pending against the defendant and for divers journeys and other attendances in and about said business of defendant at defendant's request ; and for money paid out," etc.

The answer denied all the allegations of the complaint . except that of incorporation of defendants and demand of payment. It also admitted that certain services were rendered by one of the plaintiffs but not the other, and denied the alleged value, and averred that $500 would be a liberal compensation, and denied all formal retainer or actual contract to pay.

The issues were referred to S. P. NASH, Esq.

On the trial one of the plaintiffs in the course of his testimony in behalf of the plaintiffs, testified that he went two or three times to Albany about the bill and other matters, and while in Albany on one or more occasions after the bill had been introduced, he saw prominent members of both branches of the Legislature, explaining the nature of the bill to them, and urging that they take interest in the passage of it, to facilitate its passage as best they could.

*The referee,* besides passing on the main questions of fact which were controverted, said in his opinion : " A very elaborate argument has been made on behalf of the defendants to show that the service for which compensation is claimed was based upon an illegal contract. No such de-

fense is set up in the answer. The testimony which led to the point being raised came out incidentally. Mr. Cary having said that while the bill was in passage he spoke to several members of the Legislature asking them to further its passage. I do not understand that it was part of his bargain that he should do so. What he undertook to do was to get the bill favored as a department measure. I do not see any objection to this. The law as it stood had been under discussion before the courts, and had been claimed to be an unjust and inequitable law. It was a general law, and the proposal to have it altered was submitted to the law officer and the financial officer of the State, and the arguments on the subject were had with them. This is not the private solicitation to which the cases cited by the defendant's counsel apply.

"Besides, such a defense should be, I think, interposed by answer. The defendants should, by their own pleading, have set up this defense, if they intended to rely upon it."

*Will. J. Harding* and *Robert C. Taylor*, for appellant.—
I. The contract upon which the plaintiffs seek to recover is entire and indivisible (Hopkins v. Prescott, 16 *L. J., C. P.* 259, 263; 4 *C. B.* 578; Featherston v. Hutchinson, *Cro. Eliz.* 199; Rex v. Northwingfield, 1 *B. & Ad.* 912; Scott v. Gillmore, 3 *Taunt.* 226; Thomas v. Williams, 10 *B. & C.* 671; Fergusson v. Norman, 6 *Scott*, 794, 810; W—— v. B——, 32 *Beav.* 574; 33 *L. J. Ch.* 461; Rose v. Truax, 21 *Barb.* 361, 375; Trist v. Child, 21 *Wall.* 441; Meguire v. Corwine, 101 *U. S.*, 108, 112; Saratoga Co. Bk. v. King, 44 *N. Y.* 87).

II. A contract which contemplates the use of personal services and influence in obtaining legislation is not enforceable (Oscanyan v. Arms Co., 103 *U. S.* 261; Meguire v. Corwine, 101 *U. S.* 108; Tool Co. v. Norris, 2 *Wall.* 45; Marshall v. B. & O., 16 *How.* 317; Fuller v. Dame, 18 *Pick.* 470; Hatzfield v. Gulden, 7 *Watts*, 152; Clippinger v. Hepbaugh, 5 *Watts & S.* 315; Wood v. McCann, 6 *Dana,*

366; Hunt v. Test, 8 *Ala.* 713, 719; Com. v. Callaghan, 2 *Va. Cas.* 460; Bell v. Leggett, 7 *N. Y.* 176; Nellis v. Clark, 4 *Hill,* 424; Harris v. Simonson, 28 *Hun,* 318; Mills v. Mills, 40 *N. Y.* 543; Lyon v. Mitchell, 36 *N. Y.* 235; Brown v. Brown, 34 *Barb.* 533; Jenkins v. Hooker, 19 *Barb.* 435; Suydam v. Smith, 7 *Hill,* 182; Miller v. Scherder, 2 *N. Y.* 262; Rose v. Truax, 21 *Barb.* 361; Harris v. Roof, 10 *Barb.* 489; Sedgwick v. Stanton, 14 *N. Y.* 289; Frost v. Inhabitants of Belmont, 6 *Allen,* 152, 157).

III. Courts act *sua sponte* in declining to enforce such contracts; and will pass upon the question of illegality whether pleaded or not (Clippinger v. Hepbaugh, 5 *Watts & S.* 315; Oscanyan v. Arms Co., 103 *U. S.* 261; Coppell v. Hall, 7 *Wall,* 542).

*Fredk. W. Whitridge,* of counsel, for respondent.

VAN BRUNT, P. J.—The plaintiffs in this action were attorneys and counselors of this court, and this action was brought to recover compensation for services rendered to the defendants in advising and consulting with the defendants concerning certain proposed tax legislation of the Legislature of the State of New York, and in advising and consulting with the attorney-general and comptroller of the State in behalf of the defendant respecting such legislation and making arguments before said attorney-general and comptroller resulting in the adoption of said proposed legislation as a department measure by the comptroller's office, and for services in negotiating and accomplishing the settlement of certain tax litigations pending against the defendant.

The answer of the defendant denies the contract as alleged, and further answering admits that certain services were rendered by one of the plaintiffs, Cary, but alleges that they were not of the value of over $500, and denies that the services so rendered by Cary were rendered upon a formal retainer or an actual contract, or that payment should

Cary v. Western Union Tel. Co.

be made therefor. By consent the case was referred, and the referee reported in favor of the plaintiff, finding the value of the services to have been $5,000.

It is claimed upon the part of the defendants that the services for which compensation is sought were based upon an illegal contract, and that therefore no recovery could be had therefor.

The learned referee in his opinion in dealing with this objection states that no such defense is set up in the answer and that the testimony which led to the point being raised came up incidentally. The fact that no such defense is set up in the answer formed no objection to its consideration. Under the general denial contained in the answer the defendants had a right to establish such facts as would show that no valid contract had ever been entered into between these parties. This subject seems to have been considered in the case of Oscanyan v. Arms Co. (103 *U. S.* 261, 264), in which the court say: "The position of the plaintiff that the illegality of the contract in suit cannot be introduced because not formally pleaded, does not strike us as having much weight. We should hardly have deemed it worthy of serious consideration had it not been earnestly pressed upon our consideration by learned counsel. The theory upon which the action proceeds is that the plaintiff has a contract valid in law for certain services. Whatever shows the invalidity of the contract, shows that in fact no such contract as alleged ever existed."

A consideration of the effect of a general denial in a case which presents precisely the same principle may serve to illustrate the question under review. The complaint alleges a contract. The answer denies it. The plaintiff proves an oral contract which, by the statute of frauds, is required to be in writing or proves a contract in writing not subscribed as required by that statute.

The defense under a general denial that there was no valid contract would clearly be available, and that is all that is sought to be established in the case at bar. The plaintiff

alleges a contract, and in his proof of the contract introduces evidence which shows its invalidity. Under a general denial the defendant may avail himself of this evidence, and insist that his denial has been established in that no legal or valid contract has been proven.

This brings us to the consideration of the question whether the plaintiffs established any valid contract authorizing them to recover for the services which they rendered to the defendant. It appears from the evidence that the State had recovered a judgment for taxes under the laws of 1880 against the defendant for a very large amount of money, and the defendants were anxious in regard to the result of a decision in the court of appeals, to which court the case was upon its way.

The president then requested the plaintiff Cary to go to Albany and see if some relief could be obtained from the State officers in view of the claimed injustice of the judgment. The plaintiff went to Albany, saw the comptroller and attorney-general, who informed him they could do nothing in the premises. He then associated himself with his co-plaintiff, Mr. Wells, and they took up the interest of certain mining companies who were affected in the same way with the telegraph companies under the tax law referred to. The plaintiff and Mr. Wells went to Albany and made arguments there before the attorney-general on behalf of the mining companies with a view to the passage of an act which they proposed to introduce which would relieve the mining companies from the tax. Upon discussion with the officers of the defendant they were requested to include the defendant, if possible, in the bill which they had then already prepared on behalf of the mining companies. To this they consented, and the plaintiff Cary went to Albany and had interviews with the comptroller and attorney-general. At these interviews he sought to get the State officers to adopt this bill as a department measure.

This they agreed finally to do, upon the defendant settling up the original judgment. Thereafter Mr. Cary went

Cary v. Western Union Tel. Co.

two or three times to Albany, and on one or more occasions after the bills had been proposed, saw prominent members of both branches of the Legislature, explaining the bill to them, and urging them to take an interest in its passage, or to facilitate its passage as best they could. For these services a charge of $5,000 was made which was found by the referee to be reasonable.

From this testimony it appears that compensation for these services was allowed by the referee, consisting of personal solicitation of the heads of departments and members of the Legislature. No other construction can be placed upon the testimony offered on the part of the plaintiff, and services of this kind have been repeatedly held in the United States courts, and in the courts of this State to entitle the party to no compensation, because contracts for such services are against public policy, and not enforceable in courts of law.

In the case of Mills v. Mills (40 N. Y. 543) it was held that such a contract was void as against public policy, in that it furnishes a temptation to the plaintiff to resort to corrupt means or improper devices to influence legislative action. In the case of Sedgwick v. Stanton (14 N. Y. 289, 294) the grounds upon which the invalidity of such a contract rest are set forth with great distinctness and precision. The court say : " Persons may no doubt be employed to conduct an application to the Legislature, as well as to conduct a suit at law ; and may contract for and receive pay for their services in preparing documents, collecting evidence, making statements of facts, or preparing and making oral or written arguments, provided all these are used, or designed to be used, before the Legislature itself or some committee thereof as a body ; but they cannot with propriety be employed to exert their personal influence with individual members, or to labor in any form, privately, with such members out of the legislative halls. Whatever is laid before the Legislature in writing, or spoken openly or publicly in its presence or that of a committee, if false in fact may be

disproved, or if wrong in argument may be refuted, but that which is whispered in the private ear of the individual members is frequently beyond the reach of correction."

The particular services for which compensation is sought in this action was for whispering into the ears of individual members of the Legislature " urging that they take an in-terest in the passage of the bill and facilitate its passage as best they could."

In the case of Lyon v. Mitchell (36 N. Y. 235) the right to employ counsel to appear before a legislative committee or before the Legislature itself to advocate the passage of a measure in which the individual has an interest is recog-nized. But it is held that personal solicitation of the Presi-dent, the Governor, or the heads of the departments for favors or for clemency are not the lawful subjects of con-tracts. The apprehension that considerations. other than those of a high sense of duty and of the public interest may thus be brought to influence their determination forbids this employment. And this court, in the case of Harris v. Simonson (28 Hun, 318), lays down the rule which must govern in the construction of contracts of the description under consideration with great clearness and force. The verdict was recovered for what was claimed to have been the value of personal services rendered by the plaintiff under the employment of Samuel Wood, the testator, in and about procuring the passage of an act of the Legislature for the incorporation of musical colleges, etc.

The court said, " Claims for services of the nature of those alleged to have been performed require to be care-fully, cautiously and minutely examined, in order to avoid the judicial sanction of demands arising out of the exercise of improper and vicious influences over members of the Legislature. Some portion of the services relied upon in support of the claim made consisted in direct appeals made to individual members of the Legislature. They were not of the character which has been sanctioned, permitting recoveries in cases of this nature, for they were not clearly

Cary *v.* Western Union Tel. Co.

made to appear to consist of mere information or arguments tending to expedite the proper passage of the act. Such information and arguments are more appropriately directed publicly to the committee, as such, having the bill in charge, or to the body considering the propriety of its enactments. The prevailing principles of law have been very cautiously adopted upon this subject, for the purpose of avoiding the effect of sanctioning direct or indirect influences brought to bear upon members of a legislative body, to secure the passage of an act required to be officially considered by them; ' and for that reason it has been held that legislators should act with a single eye to the true interest of the whole people, and courts of justice éan give no countenance to the use of means which may subject them to be misled by pertinacious importunity and indirect influences of interested and unscrupulous agents or solicitors ; and public policy and sound morality did therefore imperatively require that courts should put the stamp of their disapprobation on every act, and pronounce void every act, the ultimate or probable tendency of which would be to sully the purity or mislead the judgments of those to whom the high trust of legislation is confided.' To warrant a recovery in such a case as this the evidence should be required to establish the fact, with reasonable clearness, that the services alleged to have been performed were such as the law will sanction in aiding and promoting legislative action."

Under the principles thus enunciated it is clear that no recovery can be had for services consisting of personal application to legislators or other officers of the Government.

But it may be said that a recovery may be had for the services rendered in arguments before the attorney-general and comptroller. It is sufficient to say, as far as this appeal is concerned, that the judgment was recovered upon the services rendered, which included the personal solicitations of the members of the Legislature by one of the plaintiffs. But even if that fact did not exist it would appear from the

whole' nature of the transaction that the services such as we're expected to be rendered were of a character which come within the definitions already referred to of illegal contracts, being against public policy.

The personal solicitations of the attorney-general and comptroller were evidently contemplated, and the application to members of the Legislature, in furtherance of the proposed legislation, was clearly within the scope of the employment.

This being the nature of the services rendered, there can be no question but that no recovery can be had therefor, without running counter to every principle which has heretofore been enunciated by the courts.

The judgment must be reversed and a new trial ordered with costs to appellant to abide the event.

DANIELS and BRADY, JJ., concurred.

### NOTE ON WHAT MAY BE PROVED UNDER A GENERAL DENIAL.

#### The General Rule.

The general rule is that the defendants must under a general denial be permitted to controvert by evidence everything which the plaintiff is bound in the first instance to prove to make out his cause of action. [Citing Robinson v. Frost, 14 *Barb.* 536; McKyring v. Bull 16 *N. Y.* 297; Wheeler v. Billings, 38 *N. Y.* 263; Weaver v. Barden, 49 *N. Y.* 286.] *Ct. of App.* 1886, Griffin v. Long Island R. R. Co., 101 *N. Y.* 348.

According to Benton v. Hatch, 43 *Hun*, 142, he may also show that the plaintiff never had a cause of action against him. [Citing, Creque v. Sears, 17 *Hun*, 123, 125; Schwarz v. Oppold, 74 *N. Y.* 307.] Here, in an action to recover land claimed under a sheriff's deed, it was held that the court erred in excluding evidence tending to show that the judgment under which the execution had been issued was satisfied. Such evidence was admissible under the pleading. Judgment therefore reversed. But see *Abb. Tr. Brief Jury Cas.* 77, and Boozer v. Feagus (*So. Car.* 1887), 3 *Southeastern Rep.* 551.

1. Roe v. Angevine, 7 *Hun*, 679. Under a general denial, even by an infant, evidence which confesses and avoids the allegations of the complaint is not admissible.

2. Clifford v. Dam, 81 *N. Y.* 52, aff'g 44 *Super. Ct.* (*J. & S.*) 391.

Note on what may be Proved under a General Denial.

Whatever plaintiff is required to prove to establish his cause of action defendant may disprove under a general denial, but no more. Hence, under such a denial the defendant cannot show, in an action brought by the plaintiff to recover for personal injuries arising from the wrongful act of the defendant, facts merely tending to mitigate or justify such act. Thus, in an action brought to recover for injuries sustained by falling into a coal-hole in front of the defendant's premises, the defendant cannot prove permission or license given by the municipal authorities to make the coal-hole. In order to be available, such fact should have been pleaded by the defendant.

Such an action is not based on negligence, but on a wrongful act. If there was any justification for the act, it is encumbent on the defendant to allege and prove it. *Ib.*

### Objection as to parties.

3. Saunders v. Chamberlain, 13 *Hun*, 568. An assignment in bankruptcy by the plaintiff cannot be proved under a general denial, or under an averment that plaintiff is not the proper party in interest, and had no right to prosecute the action, as this is a legal conclusion only [7 *Barb.* 482; 17 *Id.* 530; 22 *How. Pr.* 158].

4. Karelsen v. Sun Fire Office of London, 45 *Hun*, 144. In an action brought by the plaintiffs as partners, the objection of a defect of parties plaintiff upon the ground of non-joinder of other persons who are partners in the firm is not available under a mere denial of the allegation of copartnership. Compare Nanson v. Jacob (*Mo.* 1887), 6 *Southwes. Rep.* 246.

5. Clark v. Geery, 40 *Super. Ct.* (*J. & S.*) 227. In an action of foreclosure, *held,* that the invalidity of the assignment as against the defendant cannot be shown under a simple denial of an averment in the complaint that the claim sued on has been duly assigned to the plaintiff.

6. Jones v. McGee, 7 *Weekly Dig.* 97. In an action by an assignee of a claim, an arbitration and award, upon the claim, and extinguishing it, made before the alleged assignment, may be proved under a general denial. Judgment reversed.

7. In an action against a railroad company for the loss of goods, the answer denied each allegation. *Held,* that evidence that the road was not in the control of the defendant, but was in the hands of a receiver, was admissible. Kansas Pac. Ry. Co. v. Searle (*Colo.*), 16 *Pacific Rep.* 328. Compare Merchants' Loan & Tr. Co. v. Clair, 36 *Hun*, 367; aff'd in 9 *Centr. Rep.* 844. And see Corser v. Russell, p. 316 of this vol.

8. Under a general denial, evidence is admissible, that, at the

request of plaintiff's husband, defendant had opened accounts with plaintiff's two sons and herself, but all were really one account with her husband. Field *v.* Knapp (*N. Y.*), 14 *Northeastern Rep.* 829. s. p., Scone *v.* Amos (*Minn.* 1887), 35 *Northwestern Rep.* 575.

### *Facts occurring after suit brought.*

9. Styles *v.* Fuller, 101 *N. Y.* 622. The rights of the parties to a legal action are to be determined as they were at its commencement, unless some event happening subsequently, and affecting those already in issue is presented by supplemental pleadings. Where, therefore, the answer in the action was a general denial, and the defendant on the trial offered to prove that after the commencement of the action the plaintiff was adjudged a bankrupt and the cause of action passed to the assignee, which offer was rejected,—*Held*, no error.

Compare Corser *v.* Russell, p. 316 of this vol., and 92 *U. S.* 716.

### *Another action pending ; or a former adjudication.*

10. Dalrymple *v.* Hunt, 5 *Hun*, 111. Where, in an action brought to rescind a contract, on the ground of fraud, an answer is interposed denying each and every allegation of the complaint,—*Held*, that the defendant can give no evidence except such as tends to disprove the allegations of the complaint; and it is error to allow him to introduce the record of a judgment showing a former suit for the recovery of damages for the fraud alleged in the complaint. New trial granted.

11. Earl *v.* Bowen, 3 *Weekly Dig.* 461. In an action of trespass *quare clausum fregit,* the defendant, for the purpose of proving that he was formerly in possession of the *locus in quo,* offered in evidence a judgment in a former action of trespass recovered by the now defendant against the present plaintiff,—*Held*, the former recovery was admissible to prove the fact in dispute without being pleaded, and its exclusion error. Judgment reversed.

12. Derby *v.* Hartman, 3 *Daly*, 458. The judgment of a court of concurrent jurisdiction between the same parties upon exactly the same matter is conclusive between the parties, coming directly in question in another suit, and it may be set up in the answer as a bar, or be given in evidence upon the trial, under any form of pleading which amounts to a general denial of the matters in respect to which it is conclusive. Action of foreclosure. (*Dictum.*)

13. Kelsey *v.* Sargent, 3 *N. Y. State Rep.* 477. A judgment roll in a former suit which is not claimed to constitute a bar, may be used as evidence without being pleaded. [Citing Krekeler *v.* Ritter, 62 *N. Y.* 372.] This was an action to compel the performance of a peculiar

contract for the sale of stock. The materiality of the evidence does not appear.

14. Remington *v.* Walker, 21 *Hun,* 322. Under the New York Civil Code, the pendency of another proceeding must be specially pleaded either by demurrer (§ 495, subd. 3), or, if it does not appear on the face of the complaint, by answer (§ 498). Thus, in an action of account against an executor, who pleaded *settlement and adjustment* before the surrogate, evidence of *pending proceedings* is not admissible to sustain the allegation. Judgment reversed.

15. Schlussel *v.* Willett, 34 *Barb.* 615 ; s. c., 12 *Abb. Pr.* 397. In an action by an assignee against a sheriff for a wrongful seizure of the debtors' property, the answer justified the taking by virtue of an attachment. On the trial the defendants proved that a judgment had been entered in the attachment suit,—*Held,* in absence of objection by the plaintiff to admission of such evidence, that the omission to plead the recovery of the judgment would be disregarded.

16. Wright *v.* Maseras, 56 *Barb.* 521. In an action for wrongfully obtaining and withholding from the plaintiff a sum of money and passing upon him a counterfeit bill,—*Held,* the pendency of another action for the same cause must be set up in the answer in order to render evidence of such fact admissible upon the trial.

17. Brazill *v.* Isham, 12 *N. Y.* 9. Under a general denial, an award of arbitrators can not be insisted upon in bar, even if proved by the plaintiff.

### Actions on Judgments and Awards.

18. The general rule is that a former recovery *in favor of* plaintiff, if relied on by defendant, not as furnishing evidence in support of defendant's present allegations, but as merging the cause of action and constituting a bar to a new action, is not admissible if not pleaded. *Abb. Tr. Ev.* 827 ; Norris *v.* Amos, 15 *Ind.* 365. Otherwise at common law. Mason *v.* Eldred, 6 *Wall.* 231, 234. Nor is it available when not pleaded by defendant, even if proved by plaintiff. Brazill *v.* Isham, 12 *N. Y.* 9; aff'g 1 *E. D. Smith,* 437.

Where a former adjudication *against a party* is relied on by his adversary as an estoppel, can be pleaded, but the adversary does not plead it, but only denies the fact to conclude which it is offered, he consents to try the fact; and the adjudication is only prima facie evidence. Where from the form of the proceeding he could not plead it, it is admissible and conclusive. *Abb. Tr. Ev.* 828, and cases cited.

19. Kinsey *v.* Ford, 38 *Barb.* 195. In an action upon a judgment, the answer contained a general denial, alleged that there was no such record, and claimed a set-off. *Held,* the answer put in issue the existence of such judgment; and the defendant could give any evidence to

Note on what may be Proved under a General Denial.

show that the judgment was illegal or void. Hence, under such pleadings, after plaintiff has produced a certified copy of the judgment record, defendant may prove the statute, a rule of court (the judgment being a foreign judgment) showing the same to be irregular, and a certified copy of the record showing an order of that court vacating the judgment on the ground of such irregularity, although the vacatur was made subsequent to the issue in the action. This is competent under a general denial, for it shows no such judgment as plaintiff has alleged has in reality existed, that it never did exist, except in form, and was, *ab initio*, unlawful, irregular, and void.

20. Knowlton *v.* Mickles, 29 *Barb.* 465 [citing Owen *v.* Boerum, 23 *Barb.* 187]. *It seems* that under a general denial of a complaint alleging an award, defendant cannot impeach the award on equitable grounds ; although under an answer alleging the grounds and asking to have the award set aside, he might do so.

21. Brown *v.* Balde, 3 *Lans.* 283. In an action against a special guardian and his sureties, upon a bond given for the due performance of his duties as such, the complaint set forth proceedings in the county court for an accounting by the special guardian in which he was ordered to pay to the plaintiff a certain sum, now sought to be recovered,—*Held*, a general denial to a complaint which pleads the records of a court puts in issue nothing but the existence of the record, and that the defendant therefore could not attack the record by showing that the court had no authority to make such a record without specially pleading the facts. Judgment reversed.

### Actions on Contract.

22. Koehler *v.* Adler, 91 *N. Y.* 657. In an action to recover a loan made by check, the answer being a general denial,—*Held*, that the defendant might show the facts tending to disprove the allegation of a personal loan by the plaintiff, but that on the contrary he made it as officer of a corporation, not a party. [Citing Young *v.* Rummell, 2 *Hill*, 478.]

23. Heir *v.* Grant, 47 *N. Y.* 278. Under a general denial to a complaint for goods sold and delivered defendants may show they had revoked the agency of the person who purchased in their name, and that plaintiffs had notice of such revocation.

Evidence of the way in which the alleged agent carried on the business, and of the fact that no freight bill was presented to defendants, is also competent. *Ib.*

24. Schermerhorn *v.* Van Allen, 18 *Barb.* 29. In an action for services, defendant, under an answer which denies the complaint and denies that he is indebted to plaintiff, may prove any circumstances tending to show that he was never indebted at all, or that he owed

less than was claimed. He may, for example, under such denials, prove that he never incurred the debt, or that the services either in whole or in part, were rendered as a gratuity—or that plaintiff had himself fixed a less price for them than he claimed to recover,—or that they were rendered upon the credit of some other person than the defendant, etc. So doing is not an attempt to show an extinguishment of the alleged indebtedness, but that it never existed. Judgment reversed.

25. Tucker *v.* Ely, 20 *Weekly Dig.* 66. In an action by an attorney for services the answer failed to deny their value ; but plaintiff did not choose to rest his claim as to value upon the admission by not denying, but gave evidence upon the question,—*Held*, that therefore the defendant ought to have been permitted to rebut the same.

26. Smith *v.* Hall, 5 *Bosw.* 319. Where the complaint alleges the indorsement of a note by a corporation to the plaintiff, and the answer denies the indorsement, and avers that the note was transferred by some officer of the corporation, evidence is admissible on behalf of defendant, to show that such officer had not authority. It seems, that a mere denial of the indorsement would include such defense. [3 *Duer*, 690.]

27. Allis *v.* Leonard, 46 *N. Y.* 688. Where a complaint upon a promissory note alleged a making and delivery of the note to the payee, and a sale and delivery thereof to the plaintiff, who was owner, etc., and the answer admitted "the making and delivery of said note as averred in the complaint," but denied each and every other allegation, and set up payment,—*Held*, the answer put in issue the sale and delivery and authorized proof on the part of the defendant that the payee was, in fact, the owner, and that the note had not been paid to him. Judgment reversed. (Head-note; opinion not reported.)

28. Dietrich *v.* Dreutel, 43 *Hun*, 342. Under a complaint for goods sold to defendant during particular dates, where the answer is a general denial, defendant may show the relations existing between the parties prior to the date of the first sale, and the arrangement under which the dealings were carried on prior to that time, and that no new arrangement was made as to the subsequent dealings. Judgment reversed for error in this respect.

29. Wheeler *v.* Billings, 38 *N. Y.* 263. Where the complaint alleges a promise by the defendant to pay a certain sum in consideration of a transfer to him of certain property, and this is denied by the answer, the defendant has a right to prove anything that would show the allegation untrue,—*e. g.*, that the money was not to be paid on the transfer of the property, but the plaintiff was to perform certain acts in addition thereto for the sum.

30. Marsh *v.* Dodge, 66 *N. Y.* 533. In an action upon a contract, where the complaint sets out only part of the agreement, omitting another part which materially qualifies the agreement as set out, under a denial that the agreement was as set forth in the complaint, the defendant is entitled to read in evidence the part which has been omitted. Therefore, in an action to recover royalties alleged to be due upon the manufacture and sale of a patent article under a license or agreement, the defendant, under a general denial, may read in evidence another instrument made between the same parties, at the same time, in reference to the same subject-matter, so as in reality to form a part of the agreement set forth in complaint, whereby the amount of the royalties were materially reduced.

### *Breach by plaintiff.*

31. Weinberg *v.* Blum, 13 *Daly*, 399. In an action to recover compensation for services rendered under an agreement, where the complaint avers due performance by plaintiff of the agreement on his part, and the answer contains a general denial, evidence of a breach of the contract by the plaintiff is admissible under the general denial. [Citing Chatfield *v.* Simonson, 92 *N. Y.* 209.] Judgment reversed.

32. Chatfield *v.* Simonson, 92 *N. Y.* 209. In an attorney's action for services, it is competent for the defendant to show, under a general denial, as a fact tending to disprove the allegations of the complaint, that the implied conditions of the contract had not been performed by plaintiff; and an additional allegation of the same fact, to defeat the cause of action, by way of a set-off, will not prevent its proof as a defense. [Citing on last point Springer *v.* Dwyer, 50 *N. Y.* 19; rev'g 58 *Barb.* 189; Emery *v.* Pease, 20 *N. Y.* 62; Williams *v.* Slote, 70 *N. Y.* 601.]

33. Manning *v.* Winter, 7 *Hun*, 482. In an action for goods sold and delivered under a general denial, the defendant can give evidence that the plaintiff had contracted to deliver certain merchandise and had only delivered a part thereof. Such evidence is simply directed to show an express contract to displace an implied one, and that by the terms and face of such contract the plaintiff had no right of action. Judgment, therefore, reversed.

34. Krom *v.* Levy, 1 *Hun*, 171; s. c., 3 *Supm. Ct. (T. & C.)* 704. In an action to recover for work done and materials furnished, the amount to which the plaintiff is entitled cannot be reduced by proof of the defective manner in which the work was done unless specially pleaded. Re-argument denied in 3 *Supm. Ct. (T. & C.)* 704; and appeal dismissed, in 60 *N. Y.* 126.

35. Reed *v.* Hayt, 51 *Super. Ct. (J. & G.)* 121. Although a general

denial in an action upon a contract, where the complaint alleges performance of conditions precedent, might have raised an issue as to each condition, yet where in addition to such denial the answer enumerates particular breaches of conditions specifically referred, the issue will be confined to the breaches of conditions alleged, and the defendant may not show non-performance of other conditions.

36. Williams *v.* Mech. & Tr. Fire Ins. Co., 54 *N. Y.* 577. In an action upon an insurance policy the plaintiff is bound to allege compliance with conditions of the policy which are conditions precedent, but he cannot be called upon in the first instance to deny a violation by himself of a prohibitory clause. If, therefore, the answer contain no allegation setting up such violation by the plaintiff as a defense, no issue is raised in reference thereto, and the complaint will not be dismissed, although it appears by the evidence relative to other issues, unobjected to by the plaintiff, that a prohibitory clause of the policy has been violated.

37. Raymond *v.* Richardson, 4 *E. D. Smith,* 171. The complaint in an action for services, was on a *quantum meruit,* not on special contract; and the answer was a general denial. *Held,* that the answer put in issue not only performance of the services, but their value; and though the evidence tended to prove a special contract, defendant was entitled to show, under the pleadings, that the work was unskilfully done, or that he had discharged the plaintiff, or given him notice to stop. Judgment reversed.

38. Greenfield *v.* Mass. Mut. Life Ins. Co., 47 *N. Y.* 430. In an action against foreign insurance company, the complaint admitted non-payment of premiums, but alleged that there was due on a policy issued by the company to plaintiff's intestate under the Massachusetts non-forfeiture act, which was set forth, a certain sum, which defendant had promised to pay. *Held,* that it was an action on the policy, and not on an account stated; and that, under a general denial, defendants might show there was nothing due under the act.

## *Balance of account.*

39. Goodale *v.* Central Nat. Bk. of N. Y., 16 *Weekly Dig.* 364. Under a general denial of a complaint for a balance of account, defendant may show facts which disprove the allegations of the complaint that such a balance was due on a given date, *e. g.,* may prove plaintiff's liability as indorser upon notes given in renewal of notes discounted for plaintiff and placed to his credit. Judgment reversed.

Where the complaint alleged that the defendant was indebted, upon a given date, to the plaintiff to a certain sum, the balance due upon an account, *held,* the action not being for a general indebtedness, but

for a balance of account, it was competent under a general denial to show facts which would disprove the allegations of the complaint that such a balance was due upon a given date. [Citing 41 *N. Y.* 349; 6 *Hun*, 645.] *Ib.*

40. White *v.* Smith, 1 *Lans.* 469. The complaint alleged services, etc., to a gross sum, and that a specified balance was due "after deducting all payments," and the answer set up a general denial and a counterclaim. The referee found that payments had been made to the amount of the difference claimed to be due, and also found that the value of the services was less than the gross sum alleged. *Held*, error. If the defendant did not concede the value of the service to have been as stated, he could not insist on the inference as to the amount of payments, but should have alleged and proved them.

### Payment or performance by defendant.

41. McKyring *v.* Bull, 16 *N. Y.* 297. The complaint alleged that the plaintiff rendered services to defendant worth $650, and concluded with the allegation that there was due the plaintiff, at the commencement of the suit, over and above all payments, etc., the sum of $134. *Held*, that the allegation "over and above all payments," alleged no new fact, but a mere legal conclusion from facts previously stated, and could not be controverted under a general denial by showing payment. Under the Code a defense which merely confesses and avoids the cause of action, *e. g.*, payment, whether in full or partial, cannot be given in evidence, either as a defense of the action or in mitigation of damages, under an answer which contains simply a general denial of the allegations of the complaint. Exclusion of evidence proper. Judgment affirmed. Reviewing the common law authorities.

But compare, Van Giesen *v.* Van Giesen, 10 *N. Y.* 316; aff'g 12 *Barb.* 520, where it was held that where the complaint contained an averment of non-payment, a specific denial of payment formed a complete issue, and required no reply under the provision of the Code then existing, providing that when the answer shall contain new matter the plaintiff may reply.

42. Texier *v.* Govin, 5 *Duer*, 389. In an action upon a note,—*Held*, that payment could not be proved unless specially pleaded in the answer. The Code has abolished the general issue as formerly understood, and the only effect of a general or specific denial in an answer of the material allegations of the complaint is to cast the burden of proof upon the plaintiff, and where the necessary proof is given, if the answer contains nothing more than such a denial the plaintiff is entitled to a verdict. Judgment reversed.

43. Calkins *v.* Packer, 21 *Barb.* 275. Where a debtor pays a judg-

ment against his creditor under the provisions of the Code, in order to avail himself of such payment as a defense to an action brought against him by his creditor, he must specially plead the payment of the judgment in his answer. Such a defense can only be regarded as a set-off or counterclaim.

44. Grosvenor *v.* Atlantic Fire Ins. Co., 1 *Bosw.* 469. In a suit on an insurance policy issued as collateral to a mortgage debt, the fact that the mortgage has been paid is not available as a defense unless stated in the answer.

45. Quin *v.* Lloyd, 41 *N. Y.* 349; rev'g 1 *Sweeny*, 253. Where the complaint alleges an amount of indebtedness for services, without stating the facts from which such conclusion was drawn, but simply claiming it to be "the balance remaining due after sundry payments made by defendant," under an answer merely denying the allegations of the complaint, defendant is entitled to prove payment on account. [Commenting on and distinguishing McKyring *v.* Bull, 16 *N. Y.* 297, upon the ground that in that case the facts from which the conclusion was drawn were alleged.]

46. Sidenburg *v.* Ely, 90 *N. Y.* 257, 266; s. c., 11 *Abb. N. C.* 354. Tender is not available as a defense unless pleaded. So *held* in an action for foreclosure, where the referee refused a request to find a waiver of tender of an instalment of interest due upon the mortgage, such a defense not having been pleaded, although non-payment of interest was not alleged in the complaint or reply.

47. Fairchild *v.* Lynch, 46 *Super. Ct.* (*J. & S.*) 1. Matter of avoidance, not set up in the answer, but stated in the complaint, are available by the defendant. Thus, where it appeared by the complaint that the grantee covenanted to pay a certain mortgage as a part of the consideration of the deed, etc., and his grantor, who was also the mortgagor and obligor thereafter purchased the said bond and mortgage,—*Held*, that recovery could not be had upon the covenant because the obligation had been extinguished by the purchase of the bond and mortgage by the grantor, although the defendant had not pleaded such a defense. Judgment reversed.

48. Seward *v.* Torrence, 5 *Supm. Ct* (*T. & C.*) 323; mem. of s. c., 3 *Hun*, 220. In an action upon a note, the answer did not aver payment or settlement, but there was proof of a settlement and the giving of a new note,—*Held*, the defense not having been pleaded, and no motion having been made to conform the pleadings to the proof, the defense of payment or settlement could not be regarded by the court. Direction of verdict for defendant error. Judgment reversed.

49. Knapp *v.* Roche, 94 *N. Y.* 329. While it is generally true that a defense of payment is inadmissible under a general denial, this is not

so when the fact of non-payment is alleged in the complaint as a neces-
sary and material fact to constitute a cause of action; thus, where an
action is brought by a receiver of a savings bank against the vice-presi-
dent to recover damages for losses occasioned to the bank by alleged
illegal loans of its funds, it is necessary for the plaintiff to allege non-
payment of such loans in order to show damage, and therefore the
defendant should have been permitted to show that the loans had been
repaid.   Judgment reversed.

50. Edson *v.* Dillaye (Sp. T. 1853), 8 *How. Pr.* 273.   To a complaint
on a note, alleging defendants had not paid the same, or any part, but
were justly indebted to plaintiff therefor, defendant's answer admitted
making the note, and merely denied the allegation of non-payment, and
that they were indebted, etc., and that the note, or any part thereof, was
justly due or owing by them,—*Held*, the denials were frivolous.   The
plaintiff would have nothing to prove at the trial, and defendant could
give nothing in evidence under the answer.   They could not prove
payment, because they had not set it up therein.

51. Morrell *v.* Irving Fire Ins. Co., 33 *N. Y.* 429.   In an action
upon a fire insurance policy, the defendant offered in evidence a judg-
ment in favor of the plaintiff against another fire insurance company
for the same loss, and payment thereof, for the purpose of showing a
total or partial extinguishment of the plaintiff's claim,—*Held*, inadmis-
sible, because not pleaded.   The defendant in all cases must plead new
matter constituting either an entire or partial defense, and will be pro-
hibited from giving such matter in evidence upon the assessment of
damages, when not set up in the answer.

### *Plaintiff's prevention of redress.*

52. Richtmeyer *v.* Remsen, 38 *N. Y.* 206.   In an action against a
sheriff for an escape, through his negligence, of a judgment debtor
lawfully in his custody, evidence that the debtor would have returned
before the commencement of the action, had he not been prevented by
the fraud of the plaintiff, is inadmissible under an answer not alleging
such a defense.   Such evidence is new matter, and does not merely
tend to disprove the material allegations of the complaint.

### *Want of Consideration.*

53. Evans *v.* Williams, 60 *Barb.* 346.   In an action on a promissory
note, if it does not appear that the note was negotiable, want of con-
sideration may be proved under mere general denial.   It is always
competent under a general denial to show that there never was a cause
of action.   Judgment reversed.

### *Failure of consideration.*

54. Dubois *v.* Hermance, 56 *N. Y.* 673; aff'g 1 *Supm. Ct. (T. & C.)*

Note on what may be Proved under a General Denial.

293. In an action upon a *sealed* instrument, failure of consideration, cannot be proved under a general denial. [2 *N. Y.* 157 ; 49 *Id.* 286.]

*Fraud.*

55. Wager *v.* Ide, 14 *Barb.* 468. In an action for conversion where the answer alleges that a mortgage, under which the defendant justified the conversion, " was a valid and subsisting lien," a denial in the reply that it was ever a lien, is sufficient to enable plaintiff to prove it fraudulent.

*Alteration to the form pleaded.*

56. Schwarz *v.* Oppold, 74 *N. Y.* 307. The complaint set forth a note payable on demand with interest. The answer contained a general denial. *Held*, the defendant might show that the note had been altered since the execution, by adding the words " with interest," notwithstanding such defense had not been pleaded.

57. Boomer *v.* Koon, 6 *Hun*, 645. In an action on a note, under an answer denying the making and execution of a note in the complaint mentioned, the defendant may prove that the note as alleged included unauthorized alteration from the condition in which defendant made it. [Alteration from the form in which the instrument is alleged to have been made, though not ground for denial of the making, may be available by objection at the trial to the admission in evidence of the altered instrument under the allegation of the original.]

*Illegality of contract.*

58. Haywood *v.* Jones, 10 *Hun*, 500. In an action upon a note,— *Held*, usury to be availed of, must be pleaded. SMITH, J., in his opinion, says : " It is a well established rule of pleading, founded on the plainest consideration of justice, that where a contract or other cause of action, valid on its face, has been assigned, the defendant should not be permitted to defeat the plaintiff's claim on the ground that the contract, was void in its inception by reason of fraud, illegality, or the like,, without apprising him specifically of the facts relied on to establish such a defense."

59. Vischer *v.* Bagg, 21 *Weekly Dig.* 399. A defense that the transaction sued on was a wager contract must be pleaded.

60. Myers *v.* Dorman, 34 *Hun*, 115 ; s. c., 20 *Weekly Dig.* 111. In an action on a contract it is not error for the court to refuse to charge that, the agreement was void under the statute of frauds, where such defense has not been pleaded.

61. Goodwin *v.* Mass. Mut. Life Ins. Co., 73 *N. Y.* 480,496. A defense that a policy of insurance is a wager, to be available as a defense,

must be set up in the answer. [Citing Valton v. Nat. Fund Life Ass. Co., 20 N. Y. 32.]

62. Cummins v. Barkalow, 1 Abb. Ct. App. Dec. 479. In an action to recover a sum which a dealer avers the defendant agreed to pay an agent, the plaintiff's assignor, for procuring from the government an order for the purchase of arms,—Held, that such contract was not necessarily void as against public policy; and the defense of illegality could not be taken, because no such defense was interposed by the answer, nor was such question raised in the court below.

63. Schreyer v. Mayor, &c., of N. Y., 39 Super. Ct. (J. & S.) 1. In an action upon a contract an objection that the contract, fair upon its face, is illegal or contrary to public policy, must be taken by answer. [14 Keyes, 514; 1 Abb. Ct. App. Dec. 479, 485.] Judgment reversed.

64. Donovan v. Compagnie Generale Trans-Atlantique (Sp. T., 1875), 39 Super. Ct. (J. & S.) 519. In pleading that the contract alleged in the complaint was illegal and void, the defendant should be held to clear and positive averments. Here, in an action against a common carrier for non-delivery of a certain case of goods, the answer averred that the plaintiff did deliver baggage and merchandize at the time with the intention of being smuggled, and that on her arrival she did smuggle, etc.,—Held, the averment was defective in that it did not allege that the particular case in question was shipped to evade the fiscal levies.

65. Stafford Pavement Co. v. Monheimer, 41 Super. Ct. (J. & S.) 184. The defense that a contract sued on is void as against public policy, cannot be raised under an answer, which expressly admits the making and the existence of the contract, and contains no allegations apprising the plaintiff that the nullity of the contract is meant to be relied on. Whether illegality of contract can be shown under a general denial, Quære? The action was upon contract, whereby, in consideration of the plaintiff's granting a license to the defendant to use a certain patent pavement for streets, the defendant would use his best endeavors to secure a contract for the pavement of streets in a certain locality, and pay the plaintiff 25 cents per yard for pavement laid by him. Grounds of allegation not stated.

66. Mech. Bk. v. Williams, 44 Barb. 87; s. c., 19 Abb. Pr. 47; 29 How. Pr. 408. In an action upon a promissory note, where the answer merely denies that the plaintiffs are bona fide holders, and avers that the note was without consideration, recovery cannot be defeated on the ground of usury. The defense of usury should have been set up in the answer.

### Illegality of contract appearing in the complaint.

67. Dingeldein v. Third Ave. R. R. Co., 9 Bosw. 79 [rev'd in 37 N. Y. 575.] A railroad company entered into an agreement with a person, under

Note on what may be Proved under a General Denial.

a contract to build a public sewer under its tracks, to the effect that the contractor in building the sewer would construct it in a manner consistent with interests of the company in using their road. In an action upon this contract it was urged that recovery could not be had in that it appeared that the agreement illegally contemplated a disturbance of the public highway longer than was authorized, so as to promote the interests of the association at the expense of the public,—*Held*, (1) that the illegality of the contract, though shown by the testimony, could not· avail the defendant, because it was not alleged in his answer. *Semble.* If the plaintiff could not set out the contract, without showing illegality, advantage might be taken of it on demurrer, and pleading other matters would not possibly deprive the defendant of the right of moving to dismiss the complaint on that ground. (2) Nor was the illegality available under an allegation in the answer generally setting forth that the agreement was illegal, with an enumeration of other specific grounds of illegality.

68. Tool Co. *v.* Norris, 2 *Wall.* 45. The court should instruct the jury, upon request, that a contract is void where it appears that the agreement as alleged in the declaration is contrary to public policy ; as, where contract declared on is an agreement for compensation to procure a contract from the government. Judgment reversed.

69. Thatcher *v.* Morris, 11 *N. Y.* 437. Where, in a suit to recover prize money drawn by the plaintiff on a lottery ticket the complaint alleged that the lottery was authorized by the laws of Maryland and the prize was drawn at Baltimore,—*Held*, on demurrer, in absence of an allegation as to where the tickets were sold to or purchased by the plaintiff, the complaint did not state a cause of action enforceable in this State, in that the sale of lottery tickets was forbidden by the constitution as well as the laws of the State.

In rendering the opinion of the court, W. F. ALLEN, J., says: "The courts cannot, in the absence of an averment to that effect, for the purpose of upholding a contract conceded to be immoral and declared illegal, presume that it was made in some other State or country in which such contracts are still tolerated. Neither is it a matter of defense, to be alleged by the defendant, that it was made within the State, and is, therefore, illegal. The legality and validity of the agreement, and the consequent liability of the defendant, are to be shown by the plaintiff by proper averments in the complaint."

70. Honegger *v.* Wettstein, 13 *Abb. N. C.* 393; s. c., 94 *N. Y.* 252. The action was brought to recover a balance due upon a consignment of goods imported from abroad. Upon the trial evidence was introduced by the defendant showing that the goods were sent through the custom house at an alleged under-valuation in violation of

the United States revenue laws,—*Held*, the defense was not available unless the illegality was set up in the answer, or that it appeared from the plaintiff's own proof. Verdict should have been directed as to the defendants not pleading illegality. Judgment reversed.

*Illegality—necessarily appearing by plaintiff's evidence.*

71. May *v.* Burras, 13 *Abb. N. C.* 384. Where it is sought to prove illegality of consideration for a negotiable instrument or other contract sued upon, and such illegality does not necessarily appear from the evidence offered by the plaintiff to prove his contract, it can only be done under an answer specially pleading the illegality. Thus, in an action against a drawer of a check, evidence that it was given in settlement of a gaming transaction would be inadmissible under an answer merely setting up want of consideration.

72. Russell *v.* Burton, 66 *Barb.* 539. In an action upon a contract, an objection that the contract proved is void as against public policy, as a contract for lobby services, is available though not pleaded ; because the plaintiff, before he can recover, must prove a valid contract. So held, where defendant's answer denied making the contract.

73. Smith *v.* Genet, *N. Y. Daily Reg.*, Nov. 10, 1884. In an action on a lease, under a general denial, if the plaintiff proves an instrument void under the statute of frauds, so that he can only recover for actual occupation, the denial will admit evidence of the defendant's surrender of the premises.

74. Alger *v.* Johnson, 6 *Sup'm. Ct.* (*T. & C.*) 632 ; mem. of s. c., 4 *Hun*, 412. Where the complaint only alleges the indebtedness generally, it is not necessary to set up the statute of frauds in the answer. Under a general denial the plaintiff is bound to prove a valid contract. It is only where the complaint sets forth a contract, and the answer admits that allegation that the defendant must plead the statute of frauds. [Citing Duffy *v.* O'Donovan, 46 *N. Y.* 226.]

75. Marston *v.* Swett, 66 *N. Y.* 206. If a contract, valid in form, is set out in a complaint, it is not necessary to allege that it was in writing, although required to be in writing by the statute of frauds ; and upon the trial, it will not be necessary to prove the contract was in writing, unless the answer denies the contract alleged, or sets up the statute of frauds as a defense. In an action to recover license fees for a patent, under an allegation in the answer that the patent was invalid, a judgment may be received in evidence to establish such invalidity, although not specially pleaded, provided that the allegation itself was material.

76. McKee *v.* Cheney (Sp. T.), 52 *How. Pr.* 144. In an action to recover for lobby services, it appeared by the evidence that the services

tended to improperly influence legislation,—*Held* under an answer which denied every allegation in the complaint, except as admitted, and also denied that the defendant was indebted to the plaintiff, it was incumbent upon the plaintiff to make out an indebtedness to him ; and as he could only proceed to do so by proving an agreement to pay for services which could not, for the reasons of public policy, be made subject of a legal contract, his cause of action failed. In any event, under the circumstances, if an amendment of the answer was necessary, as the facts had been proved, such amendment should be allowed. Complaint dismissed.

77. Tathill *v.* Roberts, 11 *Weekly Dig.* 35. In an action to recover the agreed price for real estate sold by the plaintiff to the defendant, —*Held,* that the defense of illegality of the contract, not having been raised upon the trial, was not available upon appeal; and even if the illegality was shown by the evidence in the case, such a defense could not avail, because not alleged in the pleadings. The introduction of evidence showing illegality, clearly admissible for other purposes, either by the defendant without objection by the plaintiff, or by the plaintiff himself, does not waive the objection that the defense was not pleaded.

78. Valton *v.* Nat'l Loan Fund Assurance Co., 20 *N. Y.* 32. In an action upon an insurance policy, the complaint will not be dismissed on motion, because it appears from the evidence that the policy was a wager policy, and in controvention of the statute against betting and gaming, where the answer fails to set up such illegality as a defense. The evidence, however, showed no such illegality, and judgment was reversed on other grounds.

79. Boswell *v.* Welshoefer, 9 *Daly*, 196. A defense, that the contract in suit, apparently binding, was illegal and void by reason of some violation of the law, is new matter, and must be set up in the answer in order to be provable. Therefore, in an action against a drawer of a check, evidence that the check was given for wines sold in violation of statute is inadmissible under an answer merely setting up a general denial and a failure of consideration; and even though the evidence may have shown that the sale of the wine was in violation of statute, there being no such defense pleaded, the plaintiff was entitled to judgment.

80. Oscanyan *v.* Arms Co., 103 *U. S.* 261. This was an action to recover commissions for procuring a sale of the defendant's goods. The counsel in his opening admitted that the contract was made with the consul-general of a foreign government whereby in consideration of a stipulated percentage he agreed to use his influence with the agent of his government, sent to this country to purchase arms, in favor of the

defendant, to secure a sale to such government of certain arms manufactured by them,—*Held*, the contract was illegal and immoral, and the complaint was properly dismissed.

The court will refuse to enforce a contract, if shown to be illegal, whether the defendant specially pleads such fact, or not. The court, itself, is bound to raise the question in the interest of the due administration of justice, and it cannot be waived by a system of pleading or even express stipulation of the parties. Upon the question whether such fact should be specially pleaded, FIELD, J., says : "Whatever shows the invalidity of the contract, shows that in fact no such contract as alleged ever existed. The general denial under the N. Y. Code of Pro., or the general issue at common law, is, therefore, sustained by proof of the invalidity of the transaction, which is designated in the complaint or declaration as a contract." Judgment affirmed.

81. Coppell *v.* Hall, 7 *Wall.* 542. In an action upon a contract, void because in contravention of the laws of the United States forbidding commercial intercourse with a territory declared to be in state of insurrection,—*Held*, that it was error for the court to instruct the jury that this defense, though pleaded, was waived by the reconventional demands of the defendants.

In such a case, there can be no waiver. The defense is allowed, not for the sake of the defendant, but of the law itself. Whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the cause. Judgment reversed.

### *Illegality—appearing by evidence under other issues.*

82. O'Toole *v.* Garvin, 1 *Hun*, 92 ; s. c., 3 *Sup'm. Ct.* (*T. & C.*) 118. In an action upon a contract, the defense of illegality is not available unless pleaded. Therefore, in an action for goods sold and delivered, recovery cannot be defeated, because the plaintiff used the designation " & Co." when he had no actual partner in violation of statute, where the defendant fails to set up such a defense in his answer. Nor is the defense rendered available, although the illegality appears by the proof given upon the trial. A defense, constituting new matter, which appears by the proof, but is not set up in the answer, is not sufficient to defeat recovery by the plaintiff.

DANIELS, J., in rendering the opinion of the court states in effect as follows : " Under the system of practice prevailing before the Code, the defense [of illegality] . . . may have been admissible under the general issue, without having the same effect follow a general denial, as that has been provided for by the Code. For anything was admissible, under the general issue in assumpsit, which would show that the plaintiff never had a cause of action, while under the system devised by the Code, all

new matter constituting a defense, is required to be pleaded by the defendant."

83. Codd *v.* Rathbone, 19 *N. Y.* 37. In an action on two promissory notes,—*Held,* although it might appear from the evidence relative to other issues, unobjected to by the plaintiff, that the notes were given in violation of a statute prohibiting banks from paying out upon a loan or discount any bills not received by them at par, such a defense was new matter, and not available to the defendant, unless it was set up in his answer.

### Conversion.

84. Smith *v.* Hall, 67 *N. Y.* 48. The action was brought to recover for the conversion of certain bonds pledged by the plaintiff to the defendant for money loaned, and which the defendant had refused to surrender to the plaintiff upon his tendering the amount secured. The answer denied these allegations, and averred that the bonds were delivered to the defendant with authority to sell, etc.,—*Held,* the pleadings admitted that the bonds were received by the defendant from the plaintiff, and the only dispute was the terms on which they were delivered; and that in absence of any averment of title in a third person with which the defendant connected himself, or of a plea that the plaintiff was not the real party in interest, the evidence of such fact was clearly inadmissible. Judgment affirmed.

85. Davis *v.* Hoppock, 6 *Duer,* 254. In an action for the wrongful conversion of the plaintiff's property the complaint averred that at the time of the alleged conversion the plaintiff was the owner and entitled to the immediate possession of the goods. The answer denied that the plaintiff was the owner and entitled to immediate possession,—*Held,* under such a denial it was competent for the defendant to disprove the allegations of the complaint, by showing that the ownership and right of possession was in a third person. Exclusion of such evidence error. Judgment reversed.

86. Andrews *v.* Bond, 16 *Barb.* 633. In an action for conversion, it being essential for the plaintiff to show his right to possession in order to maintain the action, the defendant, under a general denial, may controvert the plaintiff's title,—*e. g.,* in an action for the conversion of a note, the defendant may show the note to have been transferred to a bona fide holder, and paid before the date of an order under which the plaintiff claimed title.

87. Robinson *v.* Frost, 14 *Barb.* 536. In an action for conversion, a general denial of each and every allegation of the complaint traverses plaintiff's title, as well as the conversion, and defendant may show title out of the plaintiff.

88. Brevoort *v.* Brevoort, 40 *Super. Ct.* (*J. & S.*) 211. In an action for conversion, defendant may, under general denials, put in evidence all facts relative to the ownership or conversion of the property.

89. Schoenrock *v.* Farley, 49 *Super. Ct.* (*J. & S.*) 302. Under a general denial in an action for conversion, defendant may prove a sale by the plaintiff to him, and a contemporaneous agreement that the sale should be void if certain rent was paid to the defendant for the use of the property; as these transactions constitute a mortgage, giving defendant title and right to immediate possession; and the defense therefore goes to the title, and does not rest upon a justification which admits title in the plaintiff. [Citing Hall *v.* Sampson, 35 *N. Y.* 277.]

90. Edgerly *v.* Bush, 16 *Hun*, 80. Under a general denial, in an action for conversion, the defendant may show that, by the laws of a foreign country governing the case, the title was in himself. Judgment of referee reversed.

[Reversed in 81 *N. Y.* 199, on other grounds, without noticing this point.]

91. Ontario Bk. *v.* N. J. Steamboat Co., 59 *N. Y.* 510; aff'g 5 *Daly*, 117. In an action against a common carrier for conversion of goods,— *Held*, that defendant, under a general denial, might give evidence explaining his failure to deliver, as, that he delivered to a third person, who, by the course of business between the parties, was apparently authorized to receive; and thereby repel any inference of conversion deducible from the non-delivery of the goods.

92. Hewitt *v.* Morris, 37 *Super. Ct.* (*J. & S.*) 18. In an action to recover personal property, alleged to have been converted by the defendant, plaintiff, upon the trial, based his claim to the property upon a chattel mortgage. On appeal he urged that, irrespective of any rights under the mortgage, his bare possession of the property, with a claim of title, was sufficient to enable him to maintain the action,—*Held*, that if he wished to avail himself of this position he should have taken it on trial, where the defendant could have had an opportunity to meet it. Compare Code Civ. Pro. § 1721.

## *Wrongful taking.*

93. Wheeler *v.* Lawson, 103 *N. Y.* 40; s. c., 4 *Centr. Rep.* 186. In an action to recover damages for an unlawful and forcible taking by the defendant from the plaintiff's possession certain personal property, and converting it to his own use,—*Held*, it was sufficient, in order to maintain the action, for the plaintiffs to show that they were in actual possession without any other evidence of title, except as against the true owner, or one connecting himself in some way with the true owner. And the defendant, under a general denial, could not show matters in

Note on what may be Proved under a General Denial.

justification; and an allegation of title in a third person merely, with which the defendant did not connect himself, was of no consequence. Judgment reversed.

94. Graham v. Harrower, 18 *How. Pr.* 144. In an action for the wrongful taking of goods from the plaintiff's possession and converting the same, the defendants, in their answer, set up a general denial, and for a second defense, justified the taking under an execution. On the trial the defendants proposed to prove that the goods were levied upon by the sheriff, one of the defendants, under an execution, other than that alleged before the plaintiff claimed title to the goods,—*Held*, such facts should have been specially alleged in the answer and that the evidence was inadmissible under the general denial.

95. American Tool Co. v. Smith, 1 *N. Y. St. Rep.* 761. Evidence given to justify the taking of property under a tax warrant is inadmissible, unless specially pleaded. Judgment reversed. Mem. of case only.

96. Beaty v. Swarthout, 32 *Barb.* 293. The complaint alleged that the defendants " unlawfully took property from the plaintiff and converted the same to their own use,"—*Held*, that under the former system of pleading the action would have been called trespass *de bonis*, etc., and it was only necessary for the plaintiff to maintain his action, to prove a taking; hence under a general denial, the defendant could not justify by proving a license from plaintiff, but was confined to disproving such facts only as the plaintiff was bound to establish. Judgment affirmed.

97. Klinger v. Bondy, 36 *Hun*, 601. The complaint alleged, among other things, that the plaintiff was the owner and entitled to the immediate possession of certain leaf tobacco; that on a certain day mentioned the defendant wrongfully took, carried away, and sold the same. The present defendants, indemnitors of the sheriff, the original defendant, put in a general denial, and also alleged title in Klinger Brothers. Upon the trial the plaintiff gave evidence, that she had bought the goods at sheriff's sale under an execution upon a judgment in her favor against Klinger Brothers. The defendant offered evidence to show that the judgment, under which the plaintiff bought, was fraudulent and void,—*Held*, the allegation in the answer of title in a stranger was no defense, without an allegation connecting the defendant with such title. The plaintiff was only required to show possession, and possession cannot be disproved by proving title out of the plaintiff. The defendants could not take the property from the plaintiff's possession, even if she had no title to it, without showing title in themselves, or title in another, with a right of possession, and connecting themselves in some way with such title or right. These matters, however, constituted affirm-

ative defenses, and not having been pleaded, proof in their support was properly excluded.

98. McKillip *v.* Burhans, 12 *Weekly Dig.* 185. In an action for wrongful seizure and conversion a general denial puts in issue the plaintiff's ownership and possession, as well as the wrongful taking, and the defendant may show that the property in dispute did not belong to the plaintiff, and was not in his possession.

99. Driscoll *v.* Dunwoody (*Mont.*, Jan. 19, 1888), 16 *Pacif. Rep.* 726. In an action for taking ore from plaintiff's mining claim, defendant denied the existence of the mining claim, and denied taking ore from the claim,—*Held,* that defendants could show title to the ore in a third person.

### Replevin.

100. Griffin *v.* Long Island R. R. Co., 101 *N. Y.* 348. Where an action to recover a chattel is based solely upon a wrongful detention, and not upon a wrongful taking, a general denial puts in issue as well plaintiff's property in the chattel, as the wrongful detention; and defendant under such a plea may show title in a stranger, although he does not connect himself with such title. [Citing Caldwell *v.* Briggerman, 4 *Minn.* 270; Jones *v.* Rahilly, 16 *Id.* 320; Kennedy *v.* Shaw, 38 *Ind.* 474; Sparks *v.* Heritage, 45 *Id.* 66, and distinguishing Stowell *v.* Otis, 71 *N. Y.* 36.]

101. Stowell *v.* Otis, 71 *N. Y.* 36. In an action for replevin of property alleged to belong to the plaintiff, and to be possessed and wrongfully detained by the defendant, the answer contained a general denial; and also alleged that the property was owned by the plaintiff and pledged by her to the defendant's wife, and that it was in the possession of the latter as pledgee,—*Held,* that although many authorities hold in actions of replevin that an answer of title in a third person is good without any allegations connecting the defendant with the right of such person, it is difficult to perceive how the authorities can stand under the present system of pleadings; but that it was unnecessary to decide the question in the present case, because the answer did not allege title in a third person. As pledgor, the plaintiff retained the legal title and a right to possession perfect against the whole world, but the pledgees and the defendant had no standing under his answer to try the question of right as between the plaintiff and her pledgee.

### Ejectment.

102. Creque *v.* Sears, 17 *Hun*, 123. It *seems,* in an action of ejectment, under a general denial, the defendant may show that the plaintiff is estopped from setting up his title. [Raynor *v.* Timerson, 46 *Barb.* 518.]

[NOTE.—There is much discrepancy in the authorities as to whether an equitable estoppel must be pleaded.]

103. Raynor *v.* Timerson, 46 *Barb.* 518. In an action of ejectment, the defendant may, under a general denial, show that the plaintiff was not the owner at the commencement of the action, and exclusion of such evidence is reversible error.

### *Negligence.*

104. Stevens *v.* The Lafayette, etc., Road Company, 99 *Ind.* 392. (1884.) Where the plaintiff alleged that the defendant so negligently constructed a fence that the water of a stream was obstructed, whereby the plaintiff's bridge was destroyed,—*Held*, a general denial having been interposed, that it was error not to permitth e defendant to show that his fence was built in the best manner to avoid injury to the bridge ; but evidence that he offered to repair and reconstruct the bridge was not admissible. The defendant has a right under a general denial to show that there was no negligence.

105. Kendig *v.* Overhulser, 58 *Iowa*, 195. (1882.) Under a general denial, the defendant may prove that he was not negligent, and one mode of doing this is to show affirmatively what acts of prudence and caution be employed. Such act need not be specially pleaded. Admission of such proof no error. Judgment reversed on other grounds.

106. Andrews *v.* Miles, 15 *Weekly Dig.* 290. In an action for damages to crops by cattle, evidence is admissible, under a general denial, to show that one of the two defendants did not occupy the farm from which the cattle escaped through a defective fence, but worked for the other defendant as hired man, and that he did not own the cattle and had no interest in them, since, to recover, plaintiff must establish such occupation or ownership. [7 *Cow.* 35.] Judgment reversed as to such defendant.

107. Schular *v.* Hudson River R. R. Co., 38 *Barb.* 653. In an action for injury to property, alleged in the complaint to have been caused by negligence of defendant's agents, an answer denying every allegation in the complaint, puts in issue defendant's liability ; and it is not necessary to aver that the injury was done by others, and not by defendant.

108. Schaus *v.* Manhattan Gas Light Co., 36 *Super. Ct. (J. & S.)* 262 ; s. c., 14 *Abb. Pr. N. S.* 371. Under a general denial, a defendant may prove anything tending to show any material allegation of the complaint to be untrue. Thus, in an action to recover damages by reason of the defendant's alleged negligence in letting water into the plaintiff's cellar, while laying a gas pipe, under a general denial, the

defendant may show that the injury did not arise from the ditch, but from a defective system of sewerage in the vicinity.

109. Guiterman v. Liverpool, N. Y., etc., S. S. Co., 9 *Daly,* 119.* In an action against a steamship company for injuries to the plaintiff's goods by reason of the negligence of the defendants, their master mariners and servants, in carrying the same, *it seems* that the defense that the injury occurred while the vessel was in charge of a pilot, who, by the regulations governing the port, had exclusive charge of the vessel, and that by his neglect the accident happened, is not available, unless specially pleaded in the answer, it being a matter peculiarly within the defendant's knowledge, and to prevent surprise the plaintiff should have been apprised of it in the answer.

110. Ellet v. The St. L., Kan. City and Nor. Ry. Co., 76 *Mo.* 518. The petition alleged that the train, in which the plaintiff was, was overturned because of the negligence of the defendant's servants. The defendant put in a general denial; and also a special plea alleging that the accident was caused by an extraordinary rain storm, —*Held,* that the special plea was properly stricken out, as the matter therein alleged could be shown under the general denial. Judgment reversed on other grounds.

111. Brown v. Elliott, 4 *Daly,* 329 ; s. c., with points of counsel, in 45 *How. Pr.* 182. Under a general denial, in an action for damage to plaintiff's goods through defendant's negligence, defendant may show that the goods injured did not belong to plaintiff. Such want of title need not be specially pleaded.

#### — contributory.

112. McDonnell v. Buffum, 31 *How. Pr.* 154. Contributory negligence may be proved, though not alleged. In an action for damages for negligence, the answer need not aver that plaintiff's negligence contributed to the injury, in order to prove that fact, as such evidence tends to show that the plaintiff never had a cause of action. It may be shown, under a general denial of the charge, that the injury was caused by defendant's negligence.

#### Bona fide purchase.

113. Weaver v. Barden, 49 *N. Y.* 286; rev'g, in part, 3 *Lans.* 338. Under a general denial, defendant has the right to give evidence controverting any facts necessary to be established by plaintiff, but not to

---

* Reversed on other grounds in 83 *N. Y.* 358; but the evidence was held to have been properly excluded, without passing on the question of pleading.

prove a defense founded upon new matter,—*e. g.*, that defendant, in an action to recover certain stock, is a bona fide purchaser. GROVER, J. Judgment reversed.

In this case the complaint in substance charged that one W. had transferred to the defendant certain stock, held by him for the benefit of the plaintiff, without the plaintiff's authority or consent, and prayed that the defendant might be adjudged to assign and deliver such stock to the plaintiff,—*Held*, under a general denial, the plantiff was only required to prove, in order to establish his cause of action, that he was legal owner of the stock and equitably entitled to the same as against the defendant, and the defendant might controvert any fact necessary to be established by the plaintiff; but could not show that he was a bona fide holder for value, as such a defense was new matter.

· 114. Hennequin *v.* Butterfield, 43 *Super. Ct. (J. & S.)* 411. Where a complaint alleged a fraudulent hypothecation of plaintiff's securities to defendants,—*Held*, that the action proceeded on the theory, as against the plaintiffs, that defendants were not bona fide holders of the securities, and the latter could show, under a denial of the alleged fraudulent hypothecation, that they were bona fide holders for value.

### Malicious prosecution.

115. Radde *v.* Ruckgaber, 3 *Duer*, 684. In an answer to a complaint, in an action for falsely, maliciously, and without reasonable or probable cause, procuring plaintiff to be arrested, it is not competent for defendant to set forth the minute facts and incidents which he expects to prove and rely on as sufficient to establish the general proposition, that there was probable cause. Such allegations will be stricken out on motion. It seems, he should merely deny plaintiff's allegation that there was not probable cause.

### False imprisonment.

116. Catlin *v.* Adirondack Co.,* 12 *Weekly Dig.* 4. Partial defenses must be pleaded, and facts in mitigation constitute a partial defense. Thus, in an action based on false imprisonment, caused by the issuing of an execution against the person of the plaintiff for the costs of the defendant, on dismissal of the plaintiff's complaint in a prior action between the same parties, the defendant proposed to amend his answer by alleging that the plaintiff had collected the money back from the sheriff,

---

The proceeding out of which the alleged false imprisonment arose is reported in (*Ct. of App.*) 11 *Abb. N. C.* 377 ; holding that an action against a common carrier for the non-delivery of goods, in the form of an action on contract, is not an action for the "injury of property" within *Code Civ. Pro.* § 549, so as to warrant an execution against the person. Reversing 20 *Hun*, 19.

which he had paid in satisfaction of the execution. The motion was denied on the ground that the facts could be proved under the answer unamended,—*Held*, error, that such facts were in mitigation, and should be pleaded, and no laches having been shown, motion to amend should have been granted.

### Slander and libel.

117. Brothers *v.* Fobes, 17 *Weekly Dig.* 474. In an action for slander, where the communication is not of a privileged character, evidence for purpose of disproving malice and mitigation of damages is not admissible under a general denial.

118. Anonymous, 6 *How. Pr.* 160. Evidence of general bad character of the plaintiff is inadmissible in an action of slander under a general denial.

### Deceit.

119. Howell *v.* Biddlecom, 62 *Barb.* 131. In an action for damages for fraudulently concealing a defect in a thing sold, the fact that defendant had communicated the defect to plaintiff, is admissible under a general denial.

The gravaman of the charge in such an action being fraudulent concealment, the plaintiff was bound to prove want of knowledge. It was competent, therefore, for the defendant, under a general denial, to prove the affirmative proposition. *Id.*

120. Van Alstyne *v.* Norton, 1 *Hun*, 537; s. c., as Van Alstyne *v.* Crane, 4 *Supm. Ct.* (*T. & C.*) 113. Where the ground on which recovery is sought is fraud, and the facts constituting the fraud are alleged in the complaint, a denial of the fraud, as charged, puts the plaintiff on proof of it, and entitles the defendant to prove all such facts as they are able to produce, disproving the fraud charged.

121. It is, therefore, error in addition to such a denial to specially plead evidence disproving the fraud, and such allegations should be stricken out on motion. The objection cannot, however, be taken by the demurrer to the answer. Order sustaining demurrer reversed. *Id.*

### Breach of promise.

122. Button *v.* McCauley, 1 *Abb. Ct. App. Dec.* 282; s. c., 5 *Abb. Pr. N. S.* 29. Under a general denial in an action for breach of promise, evidence that the plaintiff drank intoxicating liquor to excess, and would be an unfit companion for married life, although not competent as a defense, is admissible in mitigation of damages. Judgment reversed.

### Alienation of affection.

123. Edwards *v.* Nichols, 21 *Weekly Dig.* 238. Under a general denial, in an action for the alienation of the affections of the plaintiff's

Note on what may be Proved under a General Denial.

wife, where the complaint alleged that they "were living together happily as man and wife," evidence is admissible to show that unhappy relations existed between them. The purpose of such evidence is not to excuse or mitigate the conduct of the defendant, but only as bearing on the actual injury.

### Highway penalty.

124. Saunders v. Townsend, 26 *Hun*, 308. In an action by a commissioner of highways to recover a statutory penalty for obstructing a highway, the defendant, under a general denial, may controvert alike the user as a highway and the fact of the obstruction. [Citing Little v. Denn,* 34 *N. Y.* 452.] Dictum.*

### Quo warranto.

125. People v. Platt, 10 *N. Y. State Rep.* 717. In *quo warranto* a denial is not a sufficient defense, but defendant must plead his title. [Citing People v. Richardson, 4 *Cow.* 97; People v. Utica Ins. Co., 15 *Johns.* 357.]

### Damages.

126. Booth v. Powers, 56 *N. Y.* 22; rev'g Flint v. Craig, 59 *Barb.* 319. Under a general denial in an action for conversion, any matter in reduction of damages is admissible; as, in case of conversion of a note, that the note as alleged included an authorized alteration by the plaintiff rendering the note uncollectable [41 *N. Y.* 349], and inability of the maker to pay. Judgment reversed for error in excluding such evidence.

127. Muser v. Lewis, 14 *Abb. N. C.* 333; s. c., 50 *Super. Ct. (J. & S.)* 431. In an action for conversion,—*Held*, partial satisfaction or payment of damages by one tort feasor, inures to the benefit of other joint tort feasors, not as a matter of defense, but by lessening the measure of damages. It is error for the court to refuse to direct the jury to deduct such payment. Judgment reversed, unless the plaintiff stipulated to deduct the amount.

128. Wehle v. Butler, 12 *Abb. Pr. N. S.* 139; s. c., 35 *Super. Ct. (J. & S.)* 1. In an action for trespass for the wrongful taking and carrying away the plaintiff's goods, under the cover of an attachment,—*Held*, that under a general denial, evidence of subsequent retention and sale of the goods under process claimed to be valid, was inadmissible in mitigation of damages. Such a fact constituted a defense, and should have been specially pleaded. Judgment affirmed.

---

* An opinion in this case is erroneously printed in 1 *Keyes*, 235, as if rendered by the court. It was not adopted by the court, but a reargument was had, and the opinion in 34 *N. Y.* resulted.